## Rand, McNally & Co. v. Mutual Fire Insurance Co. for the use of Thomas Parker, Jr., Receiver.

1. RECEIVER—*Appointment of—When Not to be Collaterally Attacked.*—Where a court has jurisdiction of the subject-matter, and of the parties to the proceeding in which a receiver is appointed, its action in making the appointment can not be collaterally attacked in an action by the receiver upon a promissory note given to the insolvent corporation.

2. SAME—*Effect of Appointment.*—Where a receiver has been appointed for an insolvent insurance company, the court making the appointment, exercises, at its discretion, the powers of the board of directors as well as such additional power as is conferred upon it by statute.

3. PLEADINGS—*Allegations of Insolvency—Sufficiency.*—In a petition for the appointment of a receiver, an allegation that the assets of an insurance company are insufficient to justify its continuance in business, and to pay its debts and liabilities, is equivalent to an allegation that its

further continuance in business would be hazardous to persons insured therein, or to the public.

4. INSOLVENT CORPORATIONS—*Assessments by the Court Can Not be Questioned by Members, etc.*—The propriety of an assessment made by the court upon the members of an insolvent mutual insurance company can not be questioned in a suit against a member by a receiver, for the purpose of collecting such assessment.

5. MUTUAL INSURANCE COMPANIES—*Payment of Assessments—Notice—Execution.*—Under section 13, chapter 73, R. S., entitled, "Insurance" if a member of a mutual insurance company neglects or refuses, for the space of thirty days after notice, to pay an assessment for his proportion of a loss incurred, the company may sue for and recover the whole amount of such member's contingent liability, but execution can only issue for assessments and costs as they accrue.

6. SAME—*Notice—Recovery.*—In order to recover the whole amount of a member's contingent liability in a mutual insurance company the notice required by section 13, chapter 73, R. S., entitled "Insurance," must not only be given, but the declaration must contain sufficient allegations of such notice, followed by competent proof, etc.

·Assumpsit, for assessments in a mutual insurance company; appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1895; reversed and remanded unless a remittitur is filed, etc. Opinion filed May 16, 1895.

## STATEMENT OF THE CASE.

This was an action to recover an assessment made by order of court upon the members of a mutual insurance company. The member sued, a corporation, had given a note, of which the following is a copy :

CHICAGO, ILL., .........., 18....

For value received in policy No. 5713, dated the 22d day of March, 1889, we promise to pay to the Mutual Fire Insurance Company the sum of fourteen hundred and seventy dollars, by installments, at such time as the directors of said company may order and assess for the losses and expenses of said company, pursuant to its charter and by-laws.

It is hereby expressly understood and agreed that this note is not transferable, and that there is no liability beyond the face amount thereof.

RAND, McNALLY & CO.,

D. A. ARNOLD, Treas'r.

·No. 5713.

The declaration, after setting forth the foregoing, proceeded to allege that after the making of such note and the becoming a member of said company by said defendant, under proceedings instituted by the auditor of this State in pursuance of the statute, Thomas Parker was appointed receiver of said company. That in said proceeding it appearing that all the available assets of said company had been exhausted, and that it was indebted to a large amount which it was unable to pay, upon the report of a master to whom the subject-matter of a petition filed by the receiver had been referred, the indebtedness of the company was found to be more than $100,000, and that the assets, consisting principally of deposit notes and membership liability, amounted to a little over $200,000, and that the sum necessary to be assessed upon the deposit notes was $129,000.

That the matter came on to be heard upon the said petition, answers thereto, the master's report and exceptions thereto, which report was approved and confirmed and the said receiver was directed to assess upon each of the members of said company sixty-five per cent of the premium note and membership liability, which assessment was by said receiver duly made as directed.

That the assessment as made upon the said note executed by appellant, and upon its membership liability was $955.50. That demand of payment of the same has been made and refused, and therefore the defendant has become liable to pay the entire amount of said note, viz., the sum of $1,470.

A general demurrer was filed by the defendant, which being overruled, default and judgment for $1,470 followed.

M. B. & F. S. LOOMIS, attorneys for appellant.

D. J. SCHUYLER and C. W. GREENFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is first insisted by appellant that the receiver was not legally appointed.

It is alleged in the declaration that in pursuance of the statute a petition was filed against the said Mutual Ins. Co.; that summons was duly served upon said company, and it appeared and filed its answer to said petition; that thereafter in said cause a receiver was appointed. Such being the case we do not think that appellant can in the present suit contest the legality of the appointment of such receiver. The court had jurisdiction of the subject-matter and of the parties in the proceeding in which the receiver was appointed, and its action can not now be collaterally attacked.

The allegation in the petition that the assets of the company were insufficient to justify its continuance in business and to pay its debts and liabilities, was equivalent to an allegation that "its further continuance in business would be hazardous to the insured therein," or hazardous to the public. High on Receivers, Sec. 203.

By the appointment of a receiver the company was restrained from the further continuance of its business. There was a hearing upon the merits; ample opportunity was given the company to deny the allegations of the petitioner.

It is next urged that the appointment made is not in accordance with the charter and by-laws of the company.

A receiver having been appointed, the court exercises at its discretion the powers of the board of directors as well as such additional authority as is conferred by statute.

We do not think that in this suit appellant can question the propriety of the amount of the assessment ordered by the court.

It is manifest that to permit this might result in a multitude of variant decisions as to the magnitude of the assessment to be made.

We do not wish to be understood as holding that appellant can not, in a proper and direct proceeding, attack the assessment for fraud in the making or magnitude thereof; the late case of Farwell v. The Great Western Telegraph Co. et al., is an instance of such attack having been successfully made.

The declaration alleges that notice was given to the

defendant of the assessment, and demand of payment made; and that although more than thirty days have elapsed since the giving of said notice and the making of said demand, the defendant has failed and refused to pay said assessment or any part thereof, and that thereby by force of Sec. 13 of Chap. 73, of the Revised Statutes, the defendant became and is liable to pay to the plaintiff the whole amount due upon the said note, viz., $1,470.

Section 13 of Chap. 73, Revised Statutes, provides that the board of directors shall, as often as they deem necessary, settle and determine the sum to be paid by the several members thereof, and publish the same in such manner as they may choose, or as the by-laws prescribe. And that "If a member neglect or refuse for the space of thirty days after publication of such notice to pay the sum assessed upon him as his proportion for any loss as found, the directors may sue for and recover the whole amount of contingent liability, with costs of suit, but execution shall only issue for assessments and costs as they accrue."

We do not regard the allegation of notice; there is no charge that notice was published, as sufficient to warrant a judgment for the entire amount of defendant's contingent liability.

The judgment of the Circuit Court will be reversed and the cause remanded, unless appellee shall, within ten days, remit so as to make the amount of the judgment $955.50, being the sum assessed.

In any event appellant will recover its costs in this court. Reversed and remanded unless remittitur is filed.