# CASES

# APPELLATE COURTS OF ILLINOIS.

### SECOND DISTRICT—APRIL TERM, 1900.

## Western Manufacturers' Mut. Ins. Co., for use of, etc., v. The Hutchinson Cooperage Co.

92    1
94   25

1. MUTUAL INSURANCE COMPANIES—*Rule for Making Assessments.*— Assessments upon the members of a mutual insurance company are to be made upon the following basis : As the total contingent liability of all the members is to the contingent liability of a single member, so is the total loss and expense to be enforced by the assessment to the sum each member is to pay thereon, not exceeding, of course, his total contingent liability.

2. SAME—*When it is the Duty of the Directors to Make an Assessment.*—When the cash funds of a mutual insurance company are insufficient for the payment of incurred losses and expenses it is the duty of the board of directors to make and collect an assessment for the amount needed to pay such losses and expenses and to make good its re-insurance reserve.

3. STATUTES—*Application of Section 25 of the General Incorporation Act—Insurance Companies.*—Section 25 of the general incorporation act providing for the bringing of suits in equity against all persons who are stockholders for the purpose of closing up the business of the company and appointing a receiver, does not apply to insurance companies.

4. PARTIES—*To a Proceeding to Appoint a Receiver and Make an Assessment on the Members of a Mutual Insurance Company.*—It is not necessary to make all the members of a mutual insurance company parties to a proceeding to appoint a receiver and to make an assessment upon them.

5. ASSESSMENTS—*When the Directors Fail to Act.*—Where the directors of a mutual insurance company fail to do their duty in regard to making an assessment a court of equity will exercise, at its discretion, the powers of the board in this respect.

Assumpsit, to collect an assessment upon a member of a mutual insurance company. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

MYRON H. BEACH and HENRY W. MANSFIELD, attorneys for appellant.

STEVENS & HORTON and NEWTON WYETH, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is a suit in assumpsit brought by the Western Manufacturers Mutual Insurance Company for the use of Charles F. Ross, receiver, against appellee, to recover an assessment made by a decree of the Superior Court of Cook County in a cause in which said Ross was appointed receiver of said insurance company.

The declaration contained four special counts which are substantially alike, except that they describe different policies of insurance issued by appellant to appellee, and also the common counts. Each special count, as amended, alleged that the appellant company was originally organized under an act of the legislature of this State, entitled "An act to incorporate the Northwestern German Mutual Fire Insurance Company of North Chicago," approved March 30, 1869; that afterward the name was changed to "Western Manufacturers' Mutual Insurance Company," and that since said change of name said corporation has continued to carry on its business of fire insurance under said act and complied with all the laws; that it is provided by section 2 of said act, that "all persons who shall at any time be insured in this company shall be members thereof during the continuance, in fact, of their respective policies, and no longer, and shall at all times be bound by the provisions of this act and the by-laws and regulations of said company;" by section 6 that "the directors of said company may levy

an assessment upon the premium notes of policy holders at any time they may deem it necessary for the payment of the losses and expenses that may arise;" by section 7, that " the members of this company shall be and are bound to pay their share in proportion according to their amount of insurance for all losses and expenses happening and accruing during the term for which their policies were issued to the amount of their premium notes;" that appellee made application to said insurance company for certain policies of insurance which were duly issued to it; that said policies contained a provision that "the insured heretofore named, by accepting this policy, thereby becomes a member of this company, and agrees to pay it, in addition to the premium, such sum or sums, in no event to exceed in the aggregate three times the amount of said premium, at such time or times, in such manner and by such installments, as the directors of this company shall assess and order pursuant to its charter and by-laws and the laws of the State of Illinois;" and also, that " the by-laws of this company hereto annexed are hereby declared to be and form a part of this policy, and are to be resorted to in order to determine the rights and obligations of the several parties hereto;" that article 10 of the by-laws provided that " whenever the cash funds of the company shall be insufficient for the payment of incurred losses and expenses and the maintenance of its insurance reserve, it shall be deemed to have impaired its capital, and when such impairment shall exceed twenty-five per cent of its re-insurance reserve, it shall be the duty of the board of directors to collect an assessment for the amount needed to pay such losses and expenses and make good its re-insurance reserve, from its members liable to assessment therefor, in proportion to their several liabilities.   Notice of assessments shall be given personally to the parties liable, or by mailing, postpaid, to them, printed or written notices requiring the payment of such assessments, directed to their last post-office address, known to the officers of this company;" that on December 30, 1895, Myron H. Beach, as a judgment creditor of said insurance company, instituted a suit in

4        APPELLATE COURTS OF ILLINOIS.

VOL. 92.] Western Mfrs. Mut. Ins. Co. v. Hutchinson Cooperage Co.

equity in the Superior Court of Cook County against said company, and that in said suit Charles F. Ross was appointed receiver of the same; that on January 30, 1896, said receiver filed a petition setting forth the indebtedness of said company and alleging that it would be necessary to make an assessment against the members upon their liability under their respective policies for the purpose of paying the same; that proceedings were had thereafter in said cause which resulted in a decree of said court directing said receiver to make an assessment against the members of said insurance company upon their liability as such members to the amount of $72,000 for the purpose of paying the debts of said company and the expenses of the administration of its estate by the receiver, "making such assessment in proportion to the amount which the contingent liability of each bears to the amount of losses and expenses remaining unpaid, constituting the indebtedness of the defendant above stated to be paid by assessment, which occurred and were incurred during the period that the policies were respectively in force;" that said receiver made such assessment and thereafter submitted his report of the same which was approved by the court; that at the same time it was found by the court that the membership liability under the policies issued by said insurance company amounted to $86,666.84; that said liabilities constituted the sole assets of said insurance company available for the purpose of paying the debts of the company and expenses of the administration by the receiver; that it was further ordered that said receiver notify the members of said assessment and make demand therefor, and that if any member failed or refused to pay the amount of his assessment for thirty days after the mailing of such notice and demand, said receiver should proceed to collect the whole amount of his membership liability under the policy issued to him and resort to such legal measures and proceedings as should be necessary for that purpose; that after said assessment was made, approved and confirmed as aforesaid, notice of the amount ass·ssed against appellee as a member of said insurance company was mailed to it, and

Western Mfrs. Mut. Ins. Co. v. Hutchinson Cooperage Co.

demand of payment then and there made upon appellee, and although thirty days had long elapsed since the mailing of said notice and demand, said appellee had failed to pay said assessment or any part thereof. Appellee filed a general and special demurrer to each special count. The special grounds of demurrer set forth were substantially as follows: 1, that the assessment as made was illegal; 2, that the contracts were *ultra vires;* 3, that the assessment, if legal, was not binding upon appellee, as it was not a party to the suit in which the assessment was made; 4, that the special counts were defective, because it did not appear therefrom that the amount of the membership liability equaled the gross sum upon which said alleged assessment was based, or that the liability of each policy holder was duly found and determined by the court making the assessment. The court having held the demurrer good as to the special counts, appellant withdrew the common counts and elected to stand by the special counts. Judgment was thereupon entered against appellant for costs, from which he appealed to this court.

It was urged by appellee that the court, in the decree upon which the declaration in this case is based, did not make the assessment in the proper proportion. Both the charter and the decree are somewhat vague upon this point, the former providing that the members of the company " shall pay their share in proportion according to the amount of their insurance for all losses and expenses," and the latter directing that the receiver should make " such assessment in proportion to the amount which the contingent liability of each (member) bears to the amount of losses and expenses remaining unpaid, constituting the indebtedness of the defendant above stated to be paid by the assessment, which occurred and were incurred during the period that the policies were respectively in force." We understand the proportions meant to be enforced by the decree to be as follows: As the total contingent liability of all the members is to the contingent liability of a single member, so is the total loss and expense to be

enforced by the assessment to the sum such member is to pay thereon, not exceeding, of course, his total contingent liability. This was the proportion upon which the receiver based his assessment and is, we think, correct.

Section 5 of the special act incorporating appellant, provides:

"Premium notes may be received from the insured which shall be paid at such time or times. and in such sum or sums as the directors shall require for the payment of losses and expenses, and it shall be the duty of the insured to deliver such premium note at the time he receives his policy from the company, to the president or secretary or other person authorized to receive the same."

The special counts do not aver whether appellee gave a premium note for its contingent liability or not, and it is insisted that the counts were defective in not making such a statement. By the contract of insurance, however, appellee, in accepting its policy, became a member of the insurance company and agreed to pay it, in addition to the premium, such sum or sums, in no event to exceed in the aggregate three times the amount of said premium, at such time or times, in such manner and by such installments as the directors of the company should assess and order pursuant to its charter and by-laws and the laws of the State of Illinois; and by article 10 of the by-laws, which were made a part of the contract, it was provided:

"Whenever the cash funds of the company shall be insufficient for the payment of incurred losses and expenses and the maintenance of the insurance reserve, it shall be deemed to have impaired its capital and  *  *  *  it shall be the duty of the board of directors to collect an assessment for the amount needed to pay such losses and expenses and make good its re-insurance reserve from its members liable to assessment therefor in proportion to their several liabilities."

We are of opinion that the assessment made by the court was authorized by the contract and that the absence of an averment as to the giving of a premium note was immaterial.

Section 25 of the general incorporation act provides for bringing suits in equity against all persons who are stock-

holders of a corporation by joining the corporation in the suit for the purpose of closing up its business and appointing a receiver therefor. We think it must be considered as settled, however, that said section does not apply to insurance companies, as section one of said act expressly provides that corporations may not be formed under it for insurance purposes. It was therefore not necessary to make all the members of the insurance company parties to the suit in which the receiver was appointed and assessment made.

The assessment in question was made to cover not only the indebtedness of the insurance company but also the expenses of administration of the estate of said company by the receiver. By the act incorporating the company, the directors were authorized to levy assessments for the payment of losses and expenses, and by the by-laws, which were made a part of the contract of insurance, the directors were given the same power. If the directors had made the assessment in question the expense of spreading and collecting it would have properly been included. The directors did not perform this duty and a court of equity, through its receiver, was compelled to do it for them. In such case the court exercises at its discretion the powers of the board of directors of the company. Rand-McNally Co. v. Mutual Fire Ins. Co., 58 Ill. App. 528.

As the court stood in the place of the board of directors in making and collecting the assessment, the reasonable expense attending the same, which is the only administration shown by the declaration, must therefore necessarily come out of the contingent liability of the members. The objection that the special counts were defective because it did not appear therefrom that the amount of the membership liability equaled the gross sum upon which the assessment was based, or that the liability of each policy holder was duly found and determined by the court, can not be sustained. It does, in fact, appear from the special counts of the declaration that by the decree of the Superior Court of Cook County it was found that the membership liability

was $86,666.84 and that the amount necessary to be assessed against the same was $72,000. It further appears therefrom that the assessments made by the master in chancery against the several members was ratified by the court and that the amount of the liability of appellee upon each of its said policies was fully ascertained and determined by said court.

We conclude that each of the special counts stated a good cause of action and that the court below erred in sustaining the demurrer. The judgment is accordingly reversed and the cause remanded.