COLLINS *v.* WELCH.

INSURANCE—MUTUAL COMPANIES — INSOLVENCY — ASSESSMENT —
JUDGMENT—CONCLUSIVENESS—COLLATERAL ATTACK.

Where a circuit court in chancery, acting under section 7331,
2 Comp. Laws, has adjudged a mutual fire-insurance com-
pany insolvent, appointed a receiver, and levied an assessment
against its members, one of them cannot, when sued for the
amount of his assessment, question the validity of the assess-
ment for excessiveness.

Case made from Genesee; Wisner, J. Submitted June
16, 1905. (Docket No. 29.) Decided November 10, 1905.

Assumpsit by Chester L. Collins, receiver of the Mich-
igan Manufacturers' Mutual Fire-Insurance Company,
against Frederick Welch for the amount of an assess-
ment. There was judgment for defendant, and plaintiff
appeals. Reversed.

*Chester L. Collins*, in pro. per.

*W. E. Scott, Clarence Tinker* and *Brown & Farley*,
for appellee.

CARPENTER, J. The Michigan Manufacturers' Mutual
Fire-Insurance Company was a corporation organized
under sections 7317–7336, 2 Comp. Laws. Acting in pur-
suance of section 7331, the circuit court for the county of
Bay, in chancery (a court having jurisdiction), duly ad-
judged said corporation insolvent, and appointed plaintiff
its receiver. Subsequently that court, again acting in
pursuance of said section, made an order on the report of
said plaintiff as receiver, levying an assessment against
the members of said company, and fixing the proportion-
ate amount to be paid by each of said members.

Defendant was one of said members, and this suit was
brought in the circuit court for the county of Genesee to

recover the amount determined by the order heretofore mentioned to be due from him. Upon the trial, defendant contended that the assessment was excessive, and the learned trial judge permitted him to introduce testimony in support of this contention, and submitted that question to the jury, who rendered a verdict in his favor. From the judgment entered on said verdict, plaintiff appeals; insisting that the contention that the assessment was excessive could not be raised in this suit.

The effect of the holding of the trial judge was to permit the jury in this case to review and reverse the decision of the circuit court for the county of Bay, in chancery. No statute of this State gave the defendant the right to thus review that decision. The contention that such a right exists must be based upon the ground that, because defendant was not a party to the original chancery suit, he was not bound by said order. This contention was made in *Hawkins* v. *Glenn*, 131 U. S. 319, a case very much like that at bar, and it was answered by Chief Justice Fuller, speaking for the entire court, in these words:

"The stockholder is bound by a decree of a court of equity against the corporation in enforcement of a corporate duty, although not a party as an individual, but only through representation by the company. A stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member."

This principle is sustained by numerous other authorities. See *Rand, McNally & Co.* v. *Insurance Co.*, 58 Ill. App. 528; *Castleman* v. *Templeman*, 87 Md. 549 (41 L. R. A. 367); *Howard* v. *Whitman*, 29 Ind. 557; *Langworthy* v. *Garding*, 74 Minn. 331.

It follows from these decisions, and it accords with our judgment, that defendant's attack upon the assessment as excessive should have been made in some direct proceeding, either in the circuit court for the county of Bay, in chancery, or in some other court possessing authority to review its decision. In the language of Mr. Justice Waterman

in *Rand, McNally & Co.* v. *Insurance Co.*, 58 Ill. App. 528, we say:

> "We do not think that in this suit appellant can question the propriety of the amount of the assessment ordered by the court. It is manifest that to permit this might result in a multitude of variant decisions as to the magnitude of the assessment to be made."

Our own decisions (*Wardle* v. *Townsend*, 75 Mich. 385 [4 L. R. A. 511], and *Warner* v. *Delbridge & Cameron Co.*, 110 Mich. 590 [34 L. R. A. 701]), relied upon by defendant, are not opposed to the foregoing conclusion. In *Wardle* v. *Townsend* it was stated that, under a statute which made the assessment prima facie evidence of the receiver's right to recover the amount assessed, defendant, when sued for such an assessment, might show that it was excessive. The right to make the defense in that case was sustained on the ground that it was given by the statute under which the proceedings were instituted. That decision has no application to this case, for the statute on which these proceedings are based gives no such right. In *Warner* v. *Delbridge & Cameron Co.*, supra, this court merely decided that an order of the court of a sister State, making the assessment, was not a judicial proceeding to which "full faith and credit" must be given, under article 4, § 1, of the Constitution of the United States. No such question is involved in the case at bar.

This record discloses no question for the decision of the jury. A verdict should have been directed for plaintiff.

Judgment reversed, and a new trial ordered.

Moore, C. J., and Grant, Montgomery, and Ostrander, JJ., concurred.