### KNOWLTON *v.* CITY OF PORT HURON.

1. EVIDENCE—JUDICIAL NOTICE—CIRCUIT JUDGES—FILES AND RECORDS.

   A circuit judge may take judicial notice of the files and records of the court in which he sits.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RES JUDICATA—LAW OF THE CASE—STARE DECISIS.

   The question reviewable by the Supreme Court on appeal from order granting defendant's motion to dismiss bill to enjoin enforcement of city's milk ordinance, claimed to be invalid, on ground that the matter had been decided in a prior case for the same purpose which was binding upon plaintiff under the doctrine of *res judicata,* had established the law of the case and that the doctrine of *stare decisis* applied, was whether or not the circuit judge erred in dismissing the bill, not

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 86.
[3] 13 Am Jur, Corporations § 418.
[4] 30A Am Jur, Judgments § 396 *et seq.*
[5] 13 Am Jur, Corporations § 418.
[7] 13 Am Jur, Corporations § 418.
[8, 9] 2 Am Jur, Appeal and Error § 32.
[10] 13 Am Jur, Corporations § 418.
[11] 14 Am Jur, Costs § 1 *et seq.*

whether the milk ordinance or previous unappealed decree was valid or invalid (Port Huron Milk Ordinance No 288).

3. JUDGMENT—CORPORATIONS—STOCKHOLDERS.

Generally, the stockholders of a corporation may rely on and are bound by the final judgments for or against the corporation, regardless of whether or not the stockholder was a party to or active participant in the original litigation, insofar as the judgment deals with corporate rights and liabilities and affects the stockholders as a body and was not obtained by fraud or collusion, but a stockholder is not bound by such judgment with respect to individual rights and liabilities or such as are not common to all stockholders.

4. SAME—RES JUDICATA—PARTIES—PRIVITY.

A judgment or decree is conclusive as to all persons in privity with the parties to the former action.

5. SAME—CORPORATIONS—PRIVITY OF STOCKHOLDERS.

A stockholder is normally so far deemed an integral part of the corporation in which he holds stock that in the eyes of the law he is regarded as privy to all judicial proceedings affecting the body of which he is a member, whether for good or ill.

6. CORPORATIONS—MILK ORDINANCE—STOCKHOLDERS.

A prior action brought by a milk corporation wherein it sought to question a municipal milk ordinance it thought invalid because illegally restrictive of its main activities was a normal corporate interest and proper concern of such a corporation and all of its shareholders (Port Huron Milk Ordinance No 288).

7. JUDGMENT—COLLUSION—FRAUD—CONSENT DECREE—CORPORATIONS —STOCKHOLDERS.

Collusion or fraud may not be implied from fact that consent decree was entered into by corporation in its prior action, especially where none is alleged in subsequent action for same purpose against same defendant, that was brought by one of its stockholders.

8. SAME — RES JUDICATA — CORPORATIONS — STOCKHOLDERS — CONSENT DECREE — BELATED APPEAL — REHEARING.

That there must be an end to litigation is a large contributing factor in upholding determination by trial judge that plaintiff's bill to invalidate defendant city's milk ordinance should be dismissed because of the fact that he is a stockholder and director of milk corporation which had previously brought a similar suit as to the identical ordinance resulting in a consent

decree, even though it is not shown plaintiff was then a stockholder and the corporation was not joined as a party in the present suit, since to hold otherwise would not only not terminate litigation but would, in effect, allow a belated appeal from and a rehearing of a consent decree (Port Huron Milk Ordinance No 288).

9. Appeal and Error—Consent Decree—Fraud—Collusion.

An appeal may not be had from a consent decree, belated or not, in the absence of even a claim of fraud or collusion.

10. Judgment—Estoppel—Corporations—Stockholder and Director—Parties.

The final and unappealed prior decree in suit by milk corporation to test the validity of defendant city's milk ordinance estopped plaintiff from pursuing a suit against the same defendant for the same purpose, where it appears he is a stockholder and director of the corporation although he may not have been at the time of the prior suit and did not join the corporation as a party plaintiff in the instant suit.

11. Costs—Appendix—Court Rules.

Additional costs are allowed appellees for the expense they were put to, to include in their own appendix material which the appellant plainly should have included in his own appendix under the court rules, the amount of such additional costs to be determined by the trial court on remand (Court Rule No 70, § 5, as amended in 1956).

Appeal from St. Clair; Kane (Edward T.), J. Submitted January 15, 1959. (Docket No. 18, Calendar No. 47,654.) Decided February 19, 1959.

Bill by Norman F. Knowlton, individually and as a distributor of Twin Pines Farm Dairy, a Michigan corporation, against the City of Port Huron, a municipal corporation, and Douglas Fuller, as an enforcing officer, to declare milk ordinance invalid and enjoin enforcement thereof. Bill dismissed on motion. Plaintiff appeals. Affirmed. Remanded for determination of certain costs on appeal.

*Norman H. Magel,* for plaintiff.

*Lloyd V. Marlette* and *James M. Kelly,* for defendants.

VOELKER, J.   Plaintiff filed his bill of complaint in the circuit court for St. Clair county seeking to attack the milk ordinance of the city of Port Huron on various constitutional and other grounds, alleging that the ordinance discriminated in favor of local milk distributors against those from the outside; was an unlawful exercise of police power; and in effect sought illegally to stifle outside competition.   In his bill the plaintiff described himself as "a distributor of Twin Pines Farm Dairy, a Michigan corporation." He sought to have the ordinance declared invalid and its enforcement enjoined.

Defendants appeared and filed a motion to dismiss the bill of complaint on several grounds, the finally-amended version including the following:

"3. That the issues raised by the plaintiff's bill of complaint have been adjudicated upon their merits. in the matter of Ray R. Kaul, Albert G. Florin, John W. Pollard, Robert Biddulph, Pat Pollard and Twin Pines Farm Dairy, a Michigan corporation, plaintiffs, versus city of Port Huron, a Michigan municipal corporation, defendant, chancery liber 34, page 7, the records of this court, and that the plaintiff is bound thereby under the doctrine of *res judicata.*

"4. That said matter. of Kaul, *et al.* versus city of Port Huron has established the law of the case.

"5. That the doctrine of *stare decisis* applies by reason of Kaul, *et al.* versus city of Port Huron."

Plaintiff answered the motion to dismiss, taking issue with and generally denying that the prior litigation barred his pending action for any of the reasons advanced by defendants or for any other reasons. After hearing below, the chancellor granted the de-

fendants' motion to dismiss on the general grounds above stated in the amended motion and plaintiff has appealed.

The scant record before us discloses that the present plaintiff and appellant is a stockholder in Twin Pines Farm Dairy. It also appears undisputed that one must be a stockholder in that corporation in order to be a milk distributor for the corporation. Despite the fact that the present appellant pleaded and argued below and again argues here that the prior litigation was not controlling of his action, he has not seen fit to include in his appendix filed here any of the pleadings or the final decree in the earlier case, but has instead left that chore up to the appellees in their appendix.

No question seems to have been raised either here or below as to the admissibility of the decree in the former case, plaintiff having joined issue on the subject, and in any event we think that a circuit judge may take judicial notice of the files and records of the court in which he sits.

The omitted material finally included by appellees in their appendix discloses that in 1954 one Kaul and 4 other individual stockholders in and distributors for Twin Pines Farm Dairy joined with that corporation in filing a bill attacking the same ordinance on substantially the same grounds raised by the present plaintiff. The present plaintiff was not named as a party to those proceedings nor does it appear that he in any way actively participated therein or that the earlier action purported to be a class action. It also does not appear whether he was then a stockholder. The record before us further discloses that on March 1, 1955, a decree was entered by the then Circuit Judge Eugene F. Black in the Kaul case as follows:

"This cause having duly come on to be heard upon the pleadings and proofs taken therein, and the ordinance in question having been amended to remove objections as raised by the amended bill of complaint, and the court being fully advised in the premises;

"Now, therefore, on due consideration thereof, it is ordered, adjudged and decreed, and the court doth hereby order, adjudge and decree, that the amendment duly adopted February 7, 1955, to Milk Ordinance No 288, which ordinance was duly adopted March 24, 1952, by the city commission of the defendant municipality, eliminates all constitutional and justiciable issues presented in the bill of complaint; that said ordinance as amended offends no constitutional provision as alleged in said bill; that said ordinance as amended constitutes due and reasonable exercise of the police power of the defendant municipality; that said ordinance as amended is reasonably designed to protect public health, safety and welfare, and that said bill of complaint in consequence thereof should be and the same is hereby dismissed with prejudice, but without costs."

The amended ordinance referred to in the above decree is precisely the same ordinance sought to be attacked in the bill filed by the present plaintiff on September 9, 1957. No appeal was taken from the decree entered in the Kaul case.

At the outset we should make it clear that we do not consider that the validity or invalidity of either the Port Huron milk ordinance or the quoted decree are properly before us on this appeal. Our sole question is much narrower: whether the circuit judge erred in dismissing the present bill of complaint under the circumstances above outlined. Appellant insists that he erred; appellees equally insist he did not.

It is a general rule of law (although, surprisingly enough, the precise question seems not to have previously been before this Court) that the stockholders of a corporation may rely on and are bound by the

final judgments, orders and decrees for or against the corporation, and this is usually true regardless of whether or not the stockholder was a party to or active participant in the original litigation.

Thus in 50 CJS, Judgment, § 794, p 331, it is said:

"As a general rule, a stockholder is so in privity with, and represented by, the corporation that he is bound by a judgment for or against the corporation insofar as it deals with corporate rights and liabilities and affects the stockholders as a body, where it was not obtained by fraud or collusion; but he is not bound with respect to individual rights and liabilities or rights and liabilities which are not common to all the stockholders."

See, also, 30A Am Jur, Judgment, § 434, p 485 and 129 ALR 1041. That prior Michigan cases are not opposed to this general theory, see our holdings and reasoning in *Collins* v. *Welch,* 141 Mich 676, and *Mutual Fire Ins. Co.* v. *Phoenix Furniture Co.,* 108 Mich 170 (34 LRA 694, 62 Am St Rep 693).

Michigan has also long held that a judgment or decree is conclusive as to all persons in privity with the parties to the former action. (14 MLP, Judgment, § 265, p 678 *et seq.,* citing cases.) In the light of the foregoing we shall take a further look at the case before us.

As already noted, it appears that the ordinance which was before the trial court when the decree was entered in the Kaul case is identical with that existing in this case. The only apparent difference between the 2 cases is that a different distributor and stockholder has now filed the bill and this time his corporation was not joined as a party plaintiff.

The foregoing authorities indicate that a stockholder is normally so far deemed an integral part of the corporation in which he holds stock that in the eyes of the law he is regarded as privy to all judicial

proceedings affecting the body of which he is a member, whether for good or ill. Put more bluntly, generally in this area it is held that a stockholder takes his stock much as the trusting bridegroom takes his bride, for better or for worse.

That there are some exceptions to this general proposition in some circumstances, as noted, is a subject we need not here extensively dwell upon for the ample reason that nothing appears in the record and briefs before us suggesting the possible application of any such exceptions to this case. On its face it would appear that a prior action brought by a "milk" corporation seeking to question a municipal milk ordinance it thought was illegally restrictive of its main activities, and thus invalid, is not out of line with the normal corporate interests and proper concerns of such a corporation and all of its shareholders. The fact of this case shows that the appellant shareholder and his corporation saw eye to eye on that score, at the very least. And we are not disposed gratuitously to read collusion or fraud into the prior proceedings to which the corporation was a party, especially where none is alleged in the present action by its stockholder. That this earlier decree may have been a consent decree does not, from that fact alone, change our view. We are aware that in the field of litigation, as in other areas of life, when defeat appears inevitable it is sometimes better to relax and consent to it. Consent alone does not imply fraud or collusion.

Having found privity (or rather, no lack of it), and finding no other reason within the exceptions for departing from the general rule, we next examine whether appellant should nevertheless be permitted to maintain his present action for still some other reason appealing to equity and good conscience. A solution to this question can perhaps best be sug-

gested by examining what could happen were we to rule in his favor.

If we accept appellant's position here it would seem inevitable that few unappealed judgments, orders or decrees against a corporation (or for it, for that matter) could ever really be said to be final until the last and latest stockholder therein had fought his way through the same issues originally litigated. Thus, if we were to remand this case for answer and ultimate hearing on the merits, and the decision should again go against the attack on the ordinance, as previously, then presumably by the same reasoning nothing would prevent still another sturdy stockholder from filing still another bill, and so on, *ad infinitum,* like the ant and the proverbial grain of sand in the old fable. Where would the story ever end?

This claimed right to "sue till something gives" cannot be sound law. There must be an end of litigation, and out of sheer self-defense and considerations of broad public policy our courts cannot gladly permit repeated litigation of the same old question under the circumstances appearing in this case. Indeed, in all candor, this is probably one of the large contributing factors in our decision. Among other things, such a holding would have the end effect of circumventing our settled procedures for the timely taking of appeals. And insofar as the Kaul decree was a consent decree (as appellant in his oral argument now insists) to hold with him would also, in ultimate effect, be to permit by indirection that which plainly could not be accomplished directly, that is, to allow (and belatedly) an appeal from (as well as a rehearing of) a consent decree. We have many times held that such an appeal cannot be had, belated or not. On this last point see *Dora* v. *Lesinski,* 351 Mich 579 at 582, citing earlier Michigan cases.

We think and hold that the plaintiff here, being a stockholder in and distributor for the Twin Pines Farm Dairy, is in the circumstances of this case estopped from pursuing the present litigation by the final and unappealed decree in the Kaul case, in which the corporation in which he presently holds stock was a party plaintiff. Whether appellant here was a stockholder therein .at the time of the Kaul decree does not clearly appear, but we regard that as unimportant in this case unless we are generally prepared to hold that the effects of a final unappealed decree can be circumvented or suspended by the device of a suit being brought by a later purchaser of stock in the affected corporation, if such this plaintiff be. It follows that the action of the chancellor below in dismissing the bill of complaint was correct and we must affirm what he did (if not all of his reasons for doing so), with costs to the prevailing parties.

We remand this cause for one purpose and one purpose only: that the chancellor may determine (so that there may be taxed as additional costs) the expense appellees were put to in having to include in their own appendix material which the appellant plainly should have included in his own appendix under our court rules,* namely, the proceedings in the Kaul case. This omitted material was obviously necessary for a determination of the only issue properly before us on this appeal. Much that he did include was not. We may patiently overlook the latter but, for all our vast erudition, we can scarcely divine the former. In all other respects the action below is affirmed.

SMITH, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

---

* See Court Rule No 70, § 5, as amended in 1956 (347 Mich xxx).— REPORTER.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result.

BLACK, J., did not sit.