CANVASSER CUSTOM BUILDERS, INC, v SESKIN

1. MECHANIC'S LIEN—NATURE OF LIEN—CONTRACT ACTION.

   A mechanic's lien is a security for an underlying contract debt which gives the lienor an interest, *in rem*, in the property that he has participated in improving to the extent of the enhancing value of his material and labor; the statutory right of a mechanic's lien does not deprive the lienor of an action on the contract.

2. MECHANIC'S LIEN—SEPARATE ACTIONS—CONTRACT ACTION.

   A mechanic's lien, a statutory remedy for recovery of an underlying contract debt in addition to ordinary remedies for recovery of that debt, is separate and distinct from the debt upon which it is based; while a lienor cannot have more than one satisfaction for the debt due him, he may proceed to enforce his lien and simultaneously bring an action to recover a personal judgment for the underlying contract debt (MCLA 570.22).

3. MECHANIC'S LIEN—NATURE OF LIEN.

   Foreclosure of a mechanic's lien, an *in rem* proceeding, stems from the underlying contract debt but is directed primarily

---

REFERENCES FOR POINTS IN HEADNOTES

[1-7] 53 Am Jur 2d, Mechanics' Liens § 3.
[4] 53 Am Jur 2d, Mechanics' Liens § 425.
[7] 53 Am Jur 2d, Mechanics' Liens §§ 290–310.

at property rather than the contract debtor (MCLA 570.10; 570.14).

4. Mechanic's Lien—Partial Satisfaction of Debt—Plea in Bar.

A judgment foreclosing a mechanic's lien which only partially satisfies the total underlying contract debt is not a bar to a subsequent action by the lienor to obtain a personal judgment against the contract debtor for the balance of the contract debt (MCLA 570.22).

5. Mechanic's Lien—Nature of Lien—Security Interest—Cancellation of Contract Debt.

A mechanic's lien is not a substitution or a novation of the underlying contract debt but rather a security interest given to aid in satisfaction of the debt (MCLA 570.1).

6. Mechanic's Lien—Contract Action—Splitting Damages—Severable Actions.

Bringing an action to recover a personal judgment on a contract debt and an equitable proceeding to foreclose a mechanic's lien securing that same contract debt does not constitute actions splitting damages because each action is a severable, distinct, and concurrent remedy (MCLA 570.22).

7. Mechanic's Lien—Waiver of Claim Above Amount Stated—Waiver of Contract Debt.

A waiver by the plaintiff in an action to foreclose a mechanic's lien of any sum in excess of that claimed in the statement of account did not constitute a waiver of any further claim to the balance of the underlying contract debt in excess of that secured by the lien because the plain import of the language of the waiver was that it was limited to the lien claim, as shown by there being no mention of the underlying contract claim.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 October 12, 1971, at Detroit. (Docket No. 11376.) Decided February 24, 1972. Leave to appeal denied, 387 Mich 783.

Complaint by Canvasser Custom Builders, Inc., against Alex Seskin and Service Investment Company for recovery of the balance due on a contract debt after partial satisfaction of that debt through

foreclosure of a mechanic's lien. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Felix S. Kubik,* for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler (A. Albert Sugar,* of counsel), for defendants.

Before: Levin, P. J., and R. B. Burns and J. H. Gillis, JJ.

J. H. Gillis, J. Plaintiff, Canvasser Custom Builders, Inc., previously brought an equitable action to foreclose a mechanic's lien arising from services rendered as a general contractor for the construction of a nursing home owned by defendant Service Investment Company. Alex Seskin, sole stockholder of said company, and Muriel Seskin, his wife, were joined as defendants as plaintiff believed that the Seskins had some interest in the real estate upon which the lien was sought. The trial court concluded that the written notations made on July 27, 1962, were not intended by the parties to represent their total agreement, but, instead, an oral agreement made on the same date embodied the entire contract. Though proofs established that defendants were indebted to plaintiff in the sum of $32,-677.51, since the judgment of lien could not exceed the amount stated in the "statement of account and lien," plaintiff was allowed a security only in the sum of $23,585.[1] Defendant's motion for a new trial was denied.

On appeal to this Court we sustained the trial judge's ruling regarding the parol evidence issue but

---

[1] The judgment lien was entered only against Service Investment Company, the court having dismissed the cause of action against Alex and Muriel Seskin concluding they had no interest in the property.

reduced the amount of lien to $21,085. *Canvasser Custom Builders, Inc v Seskin,* 18 Mich App 606 (1969). Defendant's motion for rehearing in this Court was denied as was its application for leave to appeal to the Supreme Court.

Defendant then filed a motion with the trial court to be relieved from judgment and to correct judgment by reducing the amount of the lien to $7,000. This motion was denied and an order was entered releasing to plaintiff garnisheed funds, which had been deposited with the county clerk, in the amount of $21,085 plus interest, costs and attorney fees. From this denial defendant filed an application for leave to appeal to this Court, which was denied on July 19, 1971.[2]

While that application was still pending, plaintiff commenced this present cause of action against Alex Seskin[3] and Service Investment Company as codefendants in order to collect the amount of the principal obligation over and above the satisfied lien judgment.[4] Defendants made a motion for acceler-

---

[2] The issues presented in this application were the same as those upon which defendant had previously sought relief in its motion for rehearing to this Court (denied October 15, 1969) and in an application for leave to appeal to the Supreme Court (denied July 24, 1970). The argument was grounded upon the defendant's interpretation of the last paragraph of our opinion in *Canvasser Custom Builders, Inc* v *Seskin,* 18 Mich App 606 (1969). Defendant contended that this paragraph established that the lower court based its findings of amount due upon a list of items claimed to have been performed by plaintiff (exhibit 5). The settled record of the trial court indicates this not to be the case but instead construed it to be only a partial list submitted to defendant in an effort to effect a settlement.

[3] The plaintiff's contract was with Service Investment Company. The individual defendant was joined because of a warranty he had given plaintiff guaranteeing payment should the corporation fail to pay.

[4] Since it was a cost-plus-percentage in varying degrees contract and since only defendant-owner, who paid the bills, had complete knowledge of the total cost from which the amount due plaintiff could be determined, plaintiff erroneously claimed a lesser amount due in the statement filed with the register of deeds. Hence, he

ated judgment of dismissal on the basis that the prior lien judgment barred the present cause of action by the doctrine of *res judicata*. This motion was denied on September 13, 1968. An application for leave to appeal from the denial was filed with this Court and the application was denied. Plaintiff then filed a motion for summary judgment in this contract action while defendants filed a motion for summary judgment of dismissal. The lower court granted plaintiff's motion and gave judgment in the amount of $11,409.36 against both Alex Seskin and Service Investment Company (thereby denying defendants' motion by implication). Defendants now appeal from this summary judgment.

Two issues are raised on appeal: (1) whether the prior judgment on the mechanic's lien action bars the plaintiff from pursuing this present contract action through the application of the doctrine of *res judicata;* (2) whether plaintiff by his amended complaint in the equitable suit waived his right to bring a contract action on any sum above the amount for which the lien was sought.

A mechanic's lien is a security for the underlying indebtedness. It gives the lienor an interest, *in rem,* in the property that he has participated in improving to the extent of the enhancing value of his material and labor. Its essential purpose is to protect those who have the right to assert the personal claim for indebtedness by giving them an additional remedy. In giving this statutory remedy, the law does not deprive one of the fundamental right it was developed to aid—an action on the contract.

MCLA 570.22; MSA 26.302 provides:

---

was limited in the amount of his lien. It was only after the construction records were made available during the course of the lien trial that plaintiff discovered that a larger sum was due.

"Except as herein otherwise expressly provided, nothing in this act contained shall be construed to prevent any creditor in any such contract from maintaining an action thereon at common law in like manner as if he had no lien for the security of his debt."

In *F M Sibley Lumber Co* v *Wayne Circuit Judge,* 243 Mich 483, 485 (1928), the Court adopted the following rule:

"A mechanic's lien is separate and distinct from the debt on which the lien is based, and, while it is recognized that the lienor cannot have more than one satisfaction for the debt due him, the weight of authority is that the lienor may proceed to enforce his lien and simultaneously bring an action to recover a personal judgment for the amount due. The enforcement of the lien is a cumulative remedy provided by statute, and an incidental accompaniment of the contract, which may be pursued in connection with ordinary remedies." (See also 57 CJS, Mechanic's Liens, § 266, p 874.)

The mechanic's lien proceeding is one essentially *in rem, F M Sibley Lumber Co* v *Wayne Circuit Judge, supra; Prather Engineering Co* v *Detroit, Flint & Saginaw Railway,* 152 Mich 582 (1908). Foreclosure is against property which has been enhanced by the value of the mechanic's services. The action, of course, stems from the contract but is directed primarily at property rather than the person who contracted for the services.[5]

If there had been no satisfaction of the lien judgment, plaintiff could have brought an action on the contract and obtained a personal judgment for the same amount for which he was given a security interest. *Cavalluzzo* v *Diamond,* 119 Misc 645; 197 NYS 855 (1922). However, in this case a judgment

---

[5] See MCLA 570.14; MSA 26.294.

was rendered on the mechanic's lien foreclosure which only partially satisfied the total contract debt. This action is merely for the excess over the mechanic's lien judgment to the limit of the contract obligation. The real question presented is whether, when the authorities speak of a plaintiff being entitled to but "one satisfaction", this means only a satisfaction of the entire contract obligation or may it also mean a satisfaction of a partial lien judgment.

The problem was discussed in 50 CJS, Judgments, § 680, p 126, which stated:

"The creditor can have only one satisfaction, whether he obtains it in proceedings on the debt or on the mortgage security, although a decree of foreclosure satisfied by payment has been held to be no bar to a suit on the mortgage securities to recover a sum not included in such decree. So where, in replevin to recover mortgaged personalty, the amount of the debt was found, the fact that defendant satisfied the judgment by surrendering the property and paying the costs was held not to render the judgment a bar to recover the balance of the debt after foreclosing the lien."

In the foreclosure action the court made a finding as to the total amount of the debt owed by the defendants. However, the excess for which this suit was brought was not included in the lien judgment. Hence, it was entirely proper to enter a judgment in this action for the excess of the debt over the amount of the prior partial satisfaction of the debt. Defendants should not be allowed to avoid their contract obligations through the use by the plaintiff of a remedy which was designed to further protect him. A mechanic's lien is not a substitution or a novation of the debt but rather a security interest given to aid in satisfaction of the debt.

Defendants further argue that plaintiff, having only a single cause of action, violated the rule against splitting his damages. While it is true that one having a single cause of action must ask for his total damages in a single suit, the rule does not apply in this case.

We refer to 1 CJS, Actions, § 103(c)(6), p 1324, 1325, which states:

"Although * * * there can be but one satisfaction of the amount of the debt, a principal debt or obligation with some other obligation as collateral security therefor, gives rise to a separate cause of action on each obligation on which different actions may be brought, and judgment on any one of which * * * does not bar an action on the other as long as any part of the principal indebtedness remains unsatisfied.

"Unless provided otherwise by statute it is generally held that the right to recover a personal judgment for a debt secured by a lien and the right to have a foreclosure of that lien are severable and may be made the subject matter of two distinct causes of action."

In *Netting Co v Touscany*, 247 Mich 279, 282, (1929), the Supreme Court of Michigan declared:

"A common-law action to recover a personal judgment and an equitable proceeding to enforce a mechanic's lien are concurrent remedies, and either may be brought while the other is pending."

See also, *Michigan National Bank v Martin*, 19 Mich App 458, 462 (1969); *Battle v Battjes*, 274 Mich 267 (1936).

Defendants' final argument arises out of the following clause in plaintiff's amended complaint to his foreclosure action: "Plaintiff hereby waives claim to any sum in excess of $23,585 that being the sum claimed in the statement of account heretofore

filed in said cause". They contend that this amounted to a waiver of any sum due on the contract above the amount for which the lien was sought. The plain import of the language is that there was only a waiver regarding any further amount on the mechanic's lien claim. *Cf. Spicer* v *Dugrey,* 221 Mich 264, 267 (1922). No mention was made of the underlying contract claim. The clause simply set for the court a limit regarding the lien judgment.

Affirmed. Costs to appellee.

All concurred.