GLANZ & KILLIAN COMPANY v GARLAND MANUFACTURING
COMPANY

1. JUDGMENT—CONSENT JUDGMENT—PARTIES—PRIVITY.
   A consent judgment binds the parties and those in privity with
   them.

2. MECHANICS' LIENS—REMEDIES—BREACH OF CONTRACT.
   A creditor who is a mechanics' lienor may also maintain an
   action for breach of contract as if he had no lien for the
   security of his debt (MCLA 570.22).

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted Division 1 March 13, 1974, at Detroit.
(Docket No. 17380.) Decided May 2, 1974.

Complaint by Glanz & Killian Company against
Garland Manufacturing Company for breach of
contract. Counterclaim to quiet title to certain
property. Summary judgment for plaintiff and
counterclaim dismissed. Defendant appeals. Af-
firmed.

*Dahlberg, Mallender & Gawne* (by *David M.
Gaskin),* for plaintiff.

*Liberson, Fink, Feiler, Crystal & Burdick,* for
defendant.

Before: J. H. GILLIS, P. J., and QUINN and
O'HARA,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 1080–1095.
[2] 53 Am Jur 2d, Mechanics' Liens §§ 112, 190.
    * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

QUINN, J. Plaintiff filed this action to recover money allegedly due on a contract between Prestige Structures, Inc. and Taylor Garage Doors, as a third party beneficiary of that contract. Defendant answered and filed a counterclaim to quiet title to certain property on which plaintiff held a mechanic's lien. On plaintiff's motion, the trial court granted summary judgment in favor of plaintiff and dismissed defendant's counterclaim. Defendant appeals.

Plaintiff and defendant both supplied labor and material to Prestige Structures, Inc. in 1970. The last labor and materials supplied by plaintiff was on May 31, 1970. July 13, 1970, plaintiff filed a statement of account and lien on property then owned by Prestige. Subsequently, Prestige defaulted on payment of its debts to plaintiff and defendant.

September 10, 1970, Taylor Garage Doors, a division of defendant, filed its complaint against Prestige to recover the money owed by Prestige to Taylor on open account. In an attempt to settle this claim, Prestige and Taylor entered into an agreement March 15, 1971 by which Prestige agreed to sell and convey to Taylor two single-family dwellings. (Plaintiff's mechanic's lien covered these same dwellings.) Pertinent provisions of this agreement are:

"2. That the consideration for the two (2) dwellings shall be determined by two appraisals; Taylor to request an FHA appraisal, and Prestige to request an appraisal from Arthur N. King Real Estate, 15510 Livernois Avenue, Detroit, Michigan. The average of the two appraisals shall determine the consideration to be paid by Taylor, however, the consideration shall be no less than $17,000 for the three (3) bedroom dwelling, and no less than $19,500 for the four (4) bedroom dwelling.

"3. That the mutually agreed upon fair market value shall be set off by any mortgages, encumbrances or liens, of any nature whatsoever, that may be or have been placed against aforesaid properties. Said mortgages, encumbrances, or liens shall be assumed and paid by Taylor.

"4. That Prestige shall deposit with Kenneth G. Barnard, 1155 Guardian Building, Detroit, Michigan, as Escrow Agent, hereinafter called 'Escrow Agent', the necessary Warranty Deeds conveying the aforesaid properties to Taylor, to be delivered to Taylor when the fair market value has been mutually agreed upon between the parties hereto.

"5. That in the event a fair market value of aforesaid properties cannot be mutually agreed upon by the parties hereto, Taylor shall direct the Escrow Agent to return the deeds of conveyance to Prestige forthwith."

On March 5, 1971, Prestige had executed the required deeds, which were not recorded until October 7, 1971.

July 2, 1971, plaintiff filed a complaint against Prestige to foreclose its mechanic's lien and filed notice of *lis pendens* as to the property involved. By stipulation between plaintiff and Prestige, a consent judgment for $12,766 in favor of plaintiff and against Prestige was entered June 22, 1972. Under the judgment appealed from in the case before us, plaintiff recovered this $12,766 from defendant.

At trial and here, defendant contends that a question of fact existed as to its intent with respect to its assumption of mortgages, encumbrances, and liens on the properties it received from Prestige. Defendant claims it had no intention to benefit anyone other than itself and Prestige by the agreement of March 15, 1971.

In disposing of this claim contrary to defendant's contention, the trial judge correctly relied on

*Guardian Depositors Corp v Brown,* 290 Mich 433; 287 NW 798 (1939). In discussing the third party beneficiary statute, the *Guardian* court stated at 437:

"The standard which the legislature has prescribed for determining when a 'promisor * * * has undertaken' to perform or refrain from performing a given act, we think, is an objective one, determined from the form and meaning of the contract itself. The language of the assumption clause above quoted leaves no doubt that the defendants' promise to pay off the mortgage must be taken to mean that they will pay the party holding the mortgage and entitled to payment."

The language of the assumption clause now before us leaves no doubt that defendant's agreement to assume meant it would pay lienholders, including plaintiff.

Defendant's claim that plaintiff's judgment against Prestige cannot now be asserted against defendant is untenable. On this issue, defendant makes three arguments:

"A. In agreeing to the consent judgment, Prestige bargained away rights it no longer held.

"B. The original mechanic's lien may not be enforced against Garland since Garland was not a party to the original proceedings.

"C. The lien being asserted against Garland, however, arises from the consent judgment entered against Prestige Structures and is, therefore, void."

As to argument A, *supra,* plaintiff's lien attached July 13, 1970, nearly 17 months before the deeds from Prestige to defendant became effective, *Muirhead v McCullough,* 234 Mich 52; 207 NW 886 (1926). The action in which the consent judgment was entered was brought to foreclose this lien.

As to argument B, *supra,* there was no reason to make defendant a party to the action between plaintiff and Prestige, filed July 2, 1971. Defendant had no recorded interest in the property involved until October 7, 1971. See MCLA 570.10; MSA 26.290.

In arguing in support of argument C, *supra,* defendant contends that the consent judgment only binds plaintiff and Prestige and that it is ineffective as to defendant. *Knowlton v Port Huron,* 355 Mich 448; 94 NW2d 824 (1959) holds to the contrary. The consent judgment binds the parties and those in privity with them. Defendant was privy to Prestige.

Finally, defendant contends that by consenting to the barring of the right of redemption if Prestige failed to satisfy the judgment against it, plaintiff Glanz & Killian has elected its remedy since its action created a voluntary conveyance of the properties to plaintiff. Defendant claims that by barring the right of redemption, Glanz & Killian evidenced its desire to take the properties in satisfaction of its judgment against Prestige. Even if this argument is sound, it is ineffective. MCLA 570.22; MSA 26.302 provides:

"Except as herein otherwise expressly provided, nothing in this act contained shall be construed to prevent any creditor in any such contract from maintaining an action thereon at common law in like manner as if he had no lien for the security of his debt."

See also *Canvasser Custom Builders, Inc v Seskin,* 38 Mich App 643; 196 NW2d 859 (1972).

Affirmed in all respects with costs to plaintiff.

All concurred.