OLD KENT BANK OF KALAMAZOO v WHITAKER CONSTRUCTION
COMPANY

Docket No. 191220. Submitted December 18, 1996, at Grand Rapids. Decided March 25, 1997, at 9:10 A.M. Leave to appeal sought.

Old Kent Bank of Kalamazoo brought an action in the Kalamazoo Circuit Court against Mark A. DeLisle, Whitaker Construction Company, and others, seeking foreclosure of a mortgage. Whitaker had made improvements to the mortgaged realty, recorded a construction lien, obtained a promissory note from the mortgagors, and settled an action on the promissory note for less than the amount of the construction lien. The court, William G. Schma, J., denied summary disposition for Whitaker and granted partial summary disposition for Old Kent and against Whitaker, ruling that Whitaker had discharged its construction lien by accepting the settlement in the action on the promissory note. Whitaker appealed.

The Court of Appeals *held*:

Section 115(1) of the Construction Lien Act, MCL 570.1115(1); MSA 26.316(115)(1), provides that the acceptance by a lien claimant of a promissory note from an owner shall not of itself serve to waive or discharge otherwise valid construction lien rights. Section 302(2) of the act, MCL 570.1302(2); MSA 26.316(302)(2), provides that the act shall not be construed to prevent a lien claimant from maintaining a separate action on a contract. The Legislature thus contemplated that a lien claimant could pursue both an action in rem on the lien and an action in contract on a promissory note and that a judgment in, or settlement of, one action would not extinguish the other.

Reversed and remanded for entry of an order of partial summary disposition for Whitaker.

MECHANICS' LIENS — CONSTRUCTION LIENS — CONTRACTS — PROMISSORY NOTES.

The holder of a construction lien and a promissory note for an improvement to realty may, in its attempt to collect the underlying debt, maintain both an action in rem on the lien and an action in contract on the promissory note; a judgment for, or settlement by, the plaintiff in one action does not extinguish the plaintiff's rights in the other action (MCL 570.1115[1], 570.1302[2]; MSA 26.316[115][1], 26.316[302][2]).

*Kreis, Enderee, Callander & Hudgins, P.C.* (by *Alan G. Enderle*), for the plaintiff.

*Lawrence W. Newmeyer*, for the defendant.

Before: BANDSTRA, P.J., and HOEKSTRA and S. F. COX*, JJ.

PER CURIAM. Defendant Whitaker Construction Company appeals as of right an order of the Kalamazoo Circuit Court granting plaintiff Old Kent Bank of Kalamazoo's motion for summary disposition. We reverse and remand.

This case arises out of two competing security interests in a construction project involving the DeLisle Building in Portage, originally owned by Mark and Beverly DeLisle. In 1989, the DeLisles recorded a mortgage in favor of plaintiff securing a construction loan of over $1 million. In 1990, defendant recorded a construction lien in the amount of $128,008.37 against the property for work it had performed. Later in 1990, after the DeLisles defaulted, plaintiff foreclosed on the property, and joined defendant as a party to the action. In April 1991, the DeLisles executed a promissory note to defendant for $101,189, of which plaintiff was unaware. Later in 1991, plaintiff received an order for foreclosure sale, but chose to enter into a settlement agreement with the DeLisles whereby the DeLisles conveyed the property to plaintiff in lieu of a sale.

In November 1991, defendant filed a separate lawsuit against the DeLisles to recover on the promissory note. In June 1992, the trial court entered an order in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

favor of defendant for the principal amount due, plus interest and statutory attorney fees and costs. The DeLisles then agreed to settle the case with defendant for $50,000. The settlement agreement, while labeled a "full and final release," specifically stated that the agreement did not affect defendant's construction lien.

Plaintiff and defendant then each filed a motion for summary disposition regarding the validity of the construction lien in light of the settlement agreement. After a hearing, the trial court determined that defendant's acceptance of the judgment and settlement in the promissory note case waived and discharged defendant's construction lien on the property and granted plaintiff's motion for summary disposition.

On appeal, defendant argues that neither the judgment nor the settlement agreement in the promissory note case extinguished defendant's construction lien on the property. We agree. Given the language of the Construction Lien Act, MCL 570.1101 *et seq.*; MSA 26.316(101) *et seq.*, and Michigan case law addressing the relationship between in rem and in personam proceedings, we believe that the trial court erred in finding that the judgment and settlement in the promissory note case extinguished defendant's construction lien. While it is correct that defendant's in personam action against the DeLisles was settled by the agreement entered into after a judgment was entered in that case, the settlement of that in personam action does not affect the validity of the construction lien on the property.

The Construction Lien Act has been held to have two purposes: (1) protecting the rights of lien claim-

ants to payment for wages and materials and (2) protecting owners from paying twice for such services. *M D Marinich, Inc v Michigan Nat'l Bank*, 193 Mich App 447, 453; 484 NW2d 738 (1992). Here, allowing defendant to pursue both an in personam and an in rem proceeding will be consistent with the purposes of the act; defendant will have the opportunity to recover the full amount to which it is entitled and, because defendant cannot collect more than the total amount of the lien, MCL 570.1107(6); MSA 26.316(107)(6), plaintiff will not overpay. Contrary to plaintiff's arguments on appeal, defendant will not be receiving a double recovery. Rather, allowing defendant to pursue both actions merely gives it a better chance of recovering what it is owed.

A construction lien, like a mechanic's lien, is not a substitute for a debt but is only a security interest given to facilitate the satisfaction of the debt. See *Canvasser Custom Builders, Inc v Seskin*, 38 Mich App 643, 649; 196 NW2d 859 (1972). The lien gives the lienor an in rem interest in the property that it has improved. *Id.* However, possession of such a lien does not preclude the lienor from pursuing an action on the contract. *Id.* at 647. MCL 570.1115(1); MSA 26.316(115)(1) specifically states that "[a]cceptance by a lien claimant of a promissory note . . . from an owner . . . shall not of itself serve to waive or discharge otherwise valid construction lien rights." Similarly, MCL 570.1302(2); MSA 26.316(302)(2) states that the act "shall not be construed to prevent a lien claimant from maintaining a separate action on a contract." Thus, the plain language of the statute persuades us that not only did the Legislature contemplate that two actions such as those involved in the

instant case could be pursued, but also that a judgment on or settlement of one action would not extinguish the other.

Our conclusion above is consistent with case law existing both before and after the enactment of the Construction Lien Act.[1] In *River Rouge Savings Bank v S & M Bldg Co*, 359 Mich 189; 101 NW2d 260 (1960), our Supreme Court, after considering cases from other jurisdictions, concluded that the defendant lumber company did not waive its mechanic's lien by also accepting and negotiating promissory notes that it received from the various owners. Over a decade later, in *Canvasser, supra*, this Court concluded that a prior judgment in a mechanic's lien action did not bar the plaintiff from pursuing a contract action to recover the amount owed that exceeded the amount of the mechanic's lien judgment. Nearly twenty years later, in *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287; 480 NW2d 343 (1991), this Court concluded that entry of a judgment based upon a mediation award in a breach of contract action did not preclude the plaintiff from exercising its equitable right to enforce its construction lien through an in rem proceeding against the property. This Court held that enforcement of the lien through foreclosure was an action directed at the property rather than the person or entity that contracted for the services, and that it was a cumulative remedy that could be pursued simultaneously with an action on the contract from which the lien arose. *Id.* at 292-293.

---

[1] Cases that predate the Construction Lien Act involved mechanic's liens, which, as noted earlier, were similar to construction liens for all purposes relevant to this decision. See *Marinich, supra* at 452-453.

We see no basis to distinguish the instant case from the cases discussed above. Here, as in *Dane*, defendant merely sought alternative remedies, one at law in personam against the DeLisles and one in equity in rem against the property, in an attempt to be compensated for its efforts. Although defendant is only permitted one satisfaction of the debt owed it, defendant should be permitted to utilize all available remedies to collect on that debt. *Id.* at 294. Accordingly, on the basis of the foregoing analysis, we conclude that the trial court erred in granting plaintiff's motion for summary disposition, and we reverse. The trial court shall instead enter an order granting defendant's motion for partial summary disposition.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.