ROWE v LOWRY

Docket No. 109422. Submitted June 26, 1990, at Detroit. Decided
    November 5, 1990, at 9:05 A.M.

    Jessie K. Rowe, individually and as next friend of Lisa K. Brown,
    filed suit in Wayne Circuit Court against Sharon Lowry, Gerald
    Lowry, and the Washtenaw County Road Commission after
    Brown, a passenger in an automobile driven by Sharon Lowry,
    was injured when Lowry's car struck a bridge abutment in
    Washtenaw County. The Lowrys filed a claim against the road
    commission for injuries sustained by Sharon Lowry in the
    accident. The road commission filed a cross-claim against the
    Lowrys seeking contribution for sums it paid Brown. The three
    claims were mediated together and resulted in an award of
    $200,000 in favor of Brown against the Lowrys and the road
    commission jointly and severally, an award of $25,000 in favor
    of the Lowrys against the road commission for Sharon Lowry's
    injuries, and a determination that the road commission was not
    entitled to contribution by the Lowrys. All parties accepted the
    $200,000 award in favor of Brown. The Lowrys accepted the
    $25,000 award and the determination that they were not re-
    quired to contribute to the sums paid by the road commission.
    The road commission accepted the $25,000 award to the Low-
    rys, but rejected the determination that the Lowrys were not
    required to contribute to the sums it paid Brown. The Lowrys
    moved to set aside the $25,000 award on the ground that the
    road commission's rejection of the contribution determination
    constituted a rejection of the $25,000 award also. The court,
    John A. Murphy, J., agreed and set both matters for trial. The
    road commission appealed by leave granted, arguing that a
    party need not accept or reject all awards pertaining to a
    particular opposing party.

    The Court of Appeals *held:*

    A party must either accept or reject all the awards regarding

REFERENCES

Am Jur 2d, Alternate Dispute Resolution §§ 7, 9; Pretrial Confer-
    ence § 38.

See the Index to Annotations under Acceptance; Alternate Dispute
    Resolution; Rejection.

a particular opposing party. The trial court correctly ruled that the road commission's acceptance of the $25,000 award and rejection of the contribution determination constituted an improper response to the mediation evaluation, but incorrectly concluded that the road commission's improper response was tantamount to a rejection of the evaluation. Under the court rule in effect at that time, a party's failure to properly accept or reject an evaluation constituted an acceptance by that party. Therefore, the road commission's improper response amounted to an acceptance of the evaluation.

Affirmed in part and reversed in part.

1. PRETRIAL PROCEDURE — MEDIATION — ACCEPTANCE OR REJECTION OF AWARDS.

A party must either accept or reject all the awards mediated with regard to a particular opposing party (MCR 2.403[K][2] and [L] [3][a]).

2. PRETRIAL PROCEDURE — MEDIATION — FAILURE TO PROPERLY ACCEPT OR REJECT AWARDS.

Prior to March 31, 1990, a party's failure to properly accept or reject a mediation evaluation constituted an acceptance by that party; effective March 31, 1990, an improper response constitutes a rejection; the court rule in effect at the time of the improper response must be applied (MCR 2.403[L][1]).

*Debolski & Dumasius* (by *John G. Dumasius*), and *Fred Grenn,* for appellees Lowry.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Timothy Young*), for Washtenaw County Road Commission.

Before: MICHAEL J. KELLY, P.J., and GILLIS and GRIBBS, JJ.

MICHAEL J. KELLY, P.J. Cross-defendant Washtenaw County Road Commission appeals by leave granted from a circuit court order setting aside a mediation award which had been accepted by the road commission and cross-plaintiffs Sharon and Gerald Lowry.

This case arises out of an automobile accident in

which a car driven by Sharon Lowry struck a bridge abutment. Sharon and her passenger, Lisa Brown, were injured in the accident. Brown, who is represented in this action by Jessie Rowe, subsequently sued the Lowrys and the road commission. The Lowrys also filed a claim against the road commission for injuries sustained by Sharon in the accident. The road commission then filed a cross-claim against the Lowrys, seeking contribution for sums it had paid Brown.

The three claims were mediated together and three separate awards were rendered: (1) $200,000 in favor of Brown versus the Lowrys and the road commission, jointly and severally; (2) $25,000 in favor of the Lowrys versus the road commission for the personal injuries of Sharon Lowry; and (3) zero award in favor of the road commission versus the Lowrys for contribution. All three parties accepted the award of $200,000 in favor of Brown. The Lowrys also accepted the remaining two awards. However, the road commission accepted the $25,000 award but rejected the zero award. The Lowrys then moved to set aside the $25,000 award on the ground that the road commission's rejection of the zero award constituted a rejection of the $25,000 award. The circuit court agreed and set both matters for trial. This appeal ensued.

The road commission claims on appeal that, under the court rules, a party need not accept or reject all awards pertaining to a particular opposing party.

The mediation process is governed by MCR 2.403. Subparagraph (L)(3)(a) provides that "as to any particular opposing party, the party must either accept or reject the evaluation in its en- tirety." According to MCR 2.403(K)(2), "The evaluation must include a separate award as to [each claim] filed in the action." The road commission

argues that when the two subrules are read together, it is clear that a party must only accept or reject a specific award as to a particular opposing party and is not required to accept or reject all the awards as to that opposing party. However, we read MCR 2.403(K)(2) as indicating that an "evaluation" should include the compilation of awards rather than that each award should comprise a separate evaluation. We note that another panel of this Court in *Henderson v Sprout Bros, Inc,* 176 Mich App 661, 666-667; 440 NW2d 629 (1989), has similarly interpreted this court rule, albeit in dictum.

The road commission further argues that the separate character of the claims supports its position for separate treatment of the awards. We disagree. The road commission's claim arose out of the same occurrence that formed the basis of the Lowrys' claim. Furthermore, the road commission never attempted to separate the claims under MCR 2.505(B) and try them independently.

Therefore, on the basis of our reading of the court rules, we hold that a party must either accept or reject all the awards mediated as to a particular opposing party. Applying the court rules to the instant case, we find that the road commission must have either accepted or rejected the two awards pertaining to the Lowrys. Accordingly, the trial court correctly ruled that the road commission's rejection of the zero mediation award on its own claim and acceptance of the $25,000 award on the Lowrys' claim constituted an improper response to the mediation evaluation. The trial court, however, incorrectly concluded that the road commission's improper response was tantamount to a rejection of the evaluation. Pursuant to the court rule then in effect, a party's failure to properly accept or reject an evaluation constituted

an acceptance by that party. MCR 2.403(L)(1); see *Henderson, supra,* pp 668-669. Although the amended court rule, which became effective March 31, 1990, now provides that an improper response constitutes a rejection, the court rule in effect at the time the road commission issued the improper response must be applied. *Dresselhouse v Chrysler Corp,* 177 Mich App 470, 481-482; 442 NW2d 705 (1989); see also *Twomley v Arnold,* 372 Mich 230; 125 NW2d 860 (1964). Hence, the road commission's improper response amounted to an acceptance of the evaluation as to the Lowrys.

Affirmed in part and reversed in part.