DANE CONSTRUCTION, INC v ROYAL'S WINE & DELI, INC

Docket No. 126231. Submitted November 12, 1991, at Detroit. Decided December 27, 1991, at 9:10 A.M. Leave to appeal sought.

Dane Construction, Inc., brought an action in the Macomb Circuit Court against Royal's Wine & Deli, Inc., and Mikhail O. Hermiz jointly and severally, alleging breach of contract and seeking damages for that breach and foreclosure under a construction lien. The defendants filed a counterclaim of breach of contract, and the claims and counterclaim were submitted for mediation. The mediation panel awarded the plaintiff $40,000 on its claims against both defendants and awarded the defendants $3,000 on their counterclaim. The defendants accepted the mediation evaluation in its entirety, but the plaintiff rejected the award on its claims and accepted the award on the counterclaim. The court, John B. Bruff, J., entered a judgment that was consistent with the mediation evaluation, treating the plaintiff's partial acceptance and partial rejection of the evaluation as an acceptance pursuant to MCR 2.403(L), and ruled that the foreclosure action did not survive the entry of the judgment. The plaintiff appealed.

The Court of Appeals *held:*

The trial court did not err in construing the plaintiff's response to the mediation evaluation as an acceptance, but did err in concluding that the plaintiff was precluded from seeking foreclosure under the construction lien upon entry of the judgment.

1. Regardless of whether the defendants comprised one party or two, the plaintiff's partial acceptance and partial rejection of the mediation evaluation constituted an improper response to the evaluation under MCR 2.403(L)(1), which before March 31, 1990, the pertinent period in this case, required that an improper response be considered as an acceptance. If the defendants are treated as one party, the plaintiff's bifurcated re-

REFERENCES

Am Jur 2d, Alternative Dispute Resolution §§ 10, 24; Mechanics' Liens §§ 2, 6, 349.

See the Index to Annotations under Acceptance; Mechanics' Liens; Preliminary or Pretrial Matters; Rejection.

sponse to the evaluation was improper because *Rowe v Lowry,* 186 Mich App 136 (1990), requires either acceptance or rejection of an evaluation in its entirety. Likewise, if the defendants are treated as two parties, the plaintiff's response must be deemed to be an acceptance because the plaintiff did not comply with the requirement of MCR 2.403(L)(3)(a) that a party must either accept or reject the evaluation in its entirety with respect to each opposing party.

2. An action to enforce a construction lien through foreclosure is a proceeding in rem that is equitable in nature and is separate and distinct from an action for breach of contract. Such foreclosure is a cumulative remedy that may be pursued simultaneously with an action on the contract from which the lien arose.

Affirmed in part, reversed in part, and remanded.

1. Pretrial Procedure — Mediation — Acceptance or Rejection.

A mediation evaluation of a claim and counterclaim must be accepted or rejected in its entirety by each party with respect to each opposing party; a party's failure either to accept or reject all awards with respect to each opposing party constitutes an improper response to the evaluation (MCR 2.403[L]).

2. Mechanics' Liens — Construction Liens — Foreclosure — Equity — Contracts.

An action to enforce a construction lien through foreclosure is a proceeding in rem that is equitable in nature and is separate and distinct from an action for breach of contract; foreclosure may be pursued simultaneously with an action on the construction contract from which the lien arose (MCL 570.1117[5], 570.1118[1]; MSA 26.316[117][5], 26.316[118][1]).

*De Marco & Sage, P.C.* (by *Bruce J. Sage*), for the plaintiff.

*Stauch, Arabo & Dickow, P.C.* (by *Konrad Stauch*), for the defendants.

Before: Sawyer, P.J., and Hood and Reilly, JJ.

Reilly, J. Plaintiff appeals as of right from a circuit court order entering judgment in conformity with the mediation evaluation of plaintiff's claim and defendants' counterclaim. We affirm in part and reverse in part.

Plaintiff, a construction contractor, filed a two-count complaint against defendants, alleging breach of contract and seeking foreclosure on a construction lien. Defendants filed a counterclaim for breach of contract. The complaint and counterclaim were submitted to mediation. On September 12, 1989, the mediation panel awarded plaintiff $40,000 against both defendants, and defendants were awarded $3,000 on their counterclaim against plaintiff. Defendants accepted the mediation evaluation in its entirety. Plaintiff rejected the $40,000 award in its favor, but accepted the award of $3,000 on defendants' counterclaim.

Defendants filed a motion for entry of judgment. The court found that plaintiff was required to accept or reject the mediation award in its entirety with respect to the claims by or against the defendants. According to the court, plaintiff's dual response, which was not authorized by the mediation rule, was to be construed as an acceptance of the entire mediation evaluation. The court granted defendants' motion, and judgment was entered on January 18, 1990, on plaintiff's complaint in the amount of $40,000 and on defendants' counterclaim in the amount of $3,000. The order also provided that plaintiff's foreclosure action did not survive the entry of the judgment.

Plaintiff argues on appeal that the trial court erroneously relied on *Henderson v Sprout Bros, Inc,* 176 Mich App 661; 440 NW2d 629 (1989), in finding that plaintiff's partial acceptance and partial rejection was not authorized by the mediation rule. We disagree.

In *Henderson,* the plaintiff's claim and the defendant's counterclaim were submitted to mediation. The plaintiff accepted the mediation award on his claim, but rejected the award on the defendant's counterclaim. A panel of this Court held

that this bifurcated response was not permitted under MCR 2.403(L)(1). Accordingly, it was to be treated as a nonresponse and, therefore, an acceptance. *Id.* at 668-669. See also *Rowe v Lowry,* 186 Mich App 136, 138-140; 463 NW2d 110 (1990); but see *Fetz Engineering Co v Ecco Systems, Inc,* 188 Mich App 362; 471 NW2d 85 (1991), where a panel of this Court found that it was reasonable under the court rule for the plaintiff to accept the mediation award on its claim and reject the mediation award on the defendant's counterclaim. However, because of Administrative Order No. 1990-6, 436 Mich lxxxiv, the Court was bound to follow *Rowe. Id.* at 366-367.[1]

Plaintiff argues that *Henderson* is inapplicable to the present case because it filed claims against two defendants, not one. Therefore, plaintiff argues, this case should be decided under MCR 2.403(L)(3)(a), the rule governing mediation involving multiple parties. That subsection provides:

> Each party has the option of accepting all of the awards covering the claims by or against that party or of accepting some and rejecting others. However, as to any particular opposing party, the party must either accept or reject the evaluation in its entirety.

In the present case, although the trial court did look to *Henderson* for guidance, it specifically relied on MCR 2.403(L)(3)(a) in finding that plaintiff was required to accept or reject the mediation evaluation in its entirety.

We agree with the trial court that MCR 2.403(L)(3) was appropriately applied in this case because there were two defendants. The only contract in

---

[1] The petition to submit *Fetz* to a special panel pursuant to the administrative order was denied on July 15, 1991. Application for leave to appeal to the Supreme Court was filed on August 5, 1991.

the trial court record is the one attached to defendants' counterclaim. According to that document, the plaintiff contracted with the corporation, Mikhail O. Hermiz, and Yousif P. Alkais, referred to collectively as the "Owner," to build on property located at Twelve Mile and Mound Road, Warren, Michigan. The contract was signed on behalf of the "Owner" by Mr. Hermiz, as president of the corporation, and in his individual capacity. Mr. Alkais also signed as an individual, but he is not a named defendant.

Contrary to plaintiff's assertion on appeal, its complaint does not state a specific claim against the corporation only for breach of contract and a specific claim against Hermiz only as the owner of the property for foreclosure on the construction lien. In fact, the plaintiff alleged in the complaint that the corporation was the titleholder of the subject property.

Plaintiff sued both parties jointly and severally. The complaint did not make specific claims against either defendant, nor allege any actions that could be attributed to one defendant but not the other. Rather, it referred to "defendants" generally. Under these circumstances, while we do not condone the mediation panel's single evaluation, we can understand why the defendants were treated as a single party.[2]

However, whether we treat the defendants as a single party, as plaintiff did when it failed to allege separate independent acts by each of the defendants, or as multiple parties, recognizing their separate legal status, we conclude that plain-

[2] The mediation panel apparently treated the defendants as one party by making one award on plaintiff's claim against defendants. See MCR 2.403(K)(2), which requires that a mediation evaluation contain separate awards "as to the plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim" filed in the action.

tiff failed to properly reject the mediation award under MCR 2.403(L)(1) or (3). If we consider the defendants to be a single party under MCR 2.403(L)(1), then the ruling of *Rowe* controls, and plaintiff's bifurcated response must be treated as an acceptance pursuant to the court rule in effect at the time plaintiff submitted the improper response. MCR 2.403(L)(1); *Rowe, supra* at 138-140.

If, on the other hand, we consider the two defendants as multiple parties, plaintiff's response with respect to *both* opposing parties must also be considered as an acceptance. Under MCR 2.403(L)(3), the plaintiff was required to accept or reject the evaluation in its entirety with respect to each opposing party. The plaintiff's response did not comply with the mandate of MCR 2.403(L)(3). Therefore, we agree with the trial court that, because plaintiff did not clearly reject, in its entirety, the evaluation of the mediation panel with respect to either or both defendants, plaintiff's response must be treated as an acceptance of the evaluation. Accordingly, we hold that the trial court properly granted defendants' motion for entry of judgment pursuant to MCR 2.403(M)(1).

Next, plaintiff argues that the entry of judgment based upon the mediation award does not preclude it from exercising its equitable right to enforce the construction lien. We agree.

An action to enforce a construction lien through foreclosure is an in rem proceeding against property that has been improved through the lienholder's services. *Canvasser Custom Builders, Inc v Seskin,* 38 Mich App 643, 648; 196 NW2d 859 (1972); 57 CJS, Mechanics Liens, § 265, p 873. Such an action is equitable in nature. MCL 570.1118(1); MSA 26.316(118)(1). Although the proceeding to foreclose on the construction lien originates from the contract, it is an action directed at the prop-

erty rather than the person or entity who contracted for the services and is separate and distinct from an action for breach of contract. *Canvasser, supra* at 648-649. The enforcement of the lien through foreclosure is a cumulative remedy that may be pursued simultaneously with an action on the contract from which the lien arose. 57 CJS, Mechanics Liens, § 266, p 874; MCL 570.1117(5); MSA 26.316(117)(5).

In the present case, plaintiff sued for breach of contract, an in personam action against the corporation and against Mr. Hermiz as an individual, alleging that defendants were responsible for the payment of damages incurred by plaintiff. Plaintiff also sought to foreclose under its construction lien, an in rem action that would permit recovery of damages through the sale of the improved property. Judgment was entered on the basis of the parties' acceptance of the mediation evaluation pursuant to MCR 2.403(M)(1). Although the mediation panel could have considered plaintiff's equitable claim in determining the amount of damages, it could not make a separate award for equitable relief. MCR 2.403(K)(3); *R N West Construction Co v Barra Corp of America, Inc,* 148 Mich App 115, 117-118; 384 NW2d 96 (1986). Therefore, the mediation evaluation and the resulting judgment could not have provided relief on plaintiff's claim for foreclosure under the construction lien.

If plaintiff had made a claim for equitable relief in lieu of damages (i.e., an injunction) or if the equitable claim was based on an alternative theory of liability (i.e., promissory estoppel), we would be able to conclude that the acceptance of the mediation evaluation implicitly waived the claim for equitable relief. However, in the present case, plaintiff seeks alternative remedies, one at law and one in equity, which supplement each other. Al-

though plaintiff is permitted only one satisfaction for the debt owed to it, *Yerrington v Miller,* 325 Mich 193, 197; 38 NW2d 84 (1949), it should be permitted to utilize all available remedies in order to collect on that debt.

We conclude, therefore, that although the amount of damages that plaintiff can recover for breach of contract has been fixed by the mediation award, thereby limiting the amount that may be claimed under the construction lien, plaintiff maintains its right to collect those damages through the remedy provided by the construction lien. To the extent that the order of judgment provides otherwise, it is reversed.

Affirmed in part and reversed in part. Remanded for consideration of plaintiff's claim under its construction lien. We do not retain jurisdiction.