*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOUG DYSERT POURED WALLS, LLC, d/b/a
DYSERT CONCRETE,

        Plaintiff-Appellant,

v

DEL CHARBONIER, STEWART IRELAND, and
ALADDIN ELECTRIC, INC.,

        Defendants-Appellees.

UNPUBLISHED
August 10, 2023

No. 361606
Jackson Circuit Court
LC No. 19-1928-CH

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

The outcome of this appeal turns upon contract principles and the Construction Lien Act (CLA), MCL 570.1101 *et seq.*, which "is 'intended to protect the interests of contractors, workers, and suppliers through construction liens, while protecting owners [of real property] from excessive costs.' " *Ronnisch Constr Group, LLC v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). Plaintiff, Doug Dysert Poured Walls, LLC, d/b/a Dysert Concrete (Dysert Concrete), provided work on a construction project for defendant, Del Charbonier, who owned the land where the project was located. Dysert Concrete was not paid in full for its work, so it filed a construction lien to protect its right to payment and then filed suit demanding $67,900 and its attorney fees on theories of breach of contract and foreclosure of its construction lien. The parties tried the case to the bench on stipulated facts and the trial court resolved the two issues presented by the parties, deciding that Dysert Concrete was not entitled to recover from Charbonier time-price-differential charges imposed by Dysert Concrete's supplier or its attorney fees. We affirm.

## I. FACTUAL BACKGROUND

Because the parties presented their case to the trial court on stipulated facts, explaining the context of this dispute is a straightforward matter. Charbonier entered into an enforceable contract

-1-

with Dysert Concrete,[1] which agreed to provide concrete improvements to the property Charbonier owned. Dysert Concrete thereafter submitted invoices in the aggregate amount of $242,525, which yielded payments from Charbonier of $174,625, leaving an outstanding balance of $67,900. Based on the existence of that outstanding balance, Dysert Concrete made a written demand for payment and then timely filed a claim of lien against Charbonier's property. Dysert Concrete filed this case against defendants on May 3, 2019, seeking the outstanding balance of $67,900 based upon breach of contract. Dysert Concrete also demanded foreclosure on its construction lien.

Before trial, the parties stipulated "that $67,900 is due to Dysert Concrete on its lien claim." The parties asked the trial court to decide two issues. First, "[w]here Dysert Concrete owes Wilbee Concrete payment for the concrete materials provided to the [p]roperty, and Wilbee Concrete has invoiced Dysert Concrete for time price differential charges for said materials, is Del Charbonier liable to Dysert Concrete for Wilbee's time price differential charges?" Second "[w]here the Court has discretion to allow reasonable attorney fees to a lien claimant who is a prevailing party under the CLA, does the Court allow attorney fees to Dysert Concrete under the present circumstances?" The trial court heard arguments on April 19, 2022, and then rendered a written "ruling after bench trial" on May 11, 2022, rejecting Dysert Concrete's positions on both issues. In response, Dysert Concrete filed this appeal of right.

## II. LEGAL ANALYSIS

On appeal, Dysert Concrete challenges the trial court's rulings on the two issues framed by the parties for resolution at the bench trial. Specifically, Dysert Concrete argues that the trial court erred in denying its claims for time-price-differential charges and for its attorney fees. "This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). "A finding [of fact] is clearly erroneous where, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. If an award of attorney fees is a matter left to the trial court's discretion, "this Court reviews for an abuse of discretion a trial court's ultimate decision whether to award attorney fees." *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012). " 'An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes.' " *Id*. Applying these standards, we must consider the trial court's rulings on the two issues presented by the parties.

### A. TIME-PRICE-DIFFERENTIAL CHARGES

Whether Charbonier must reimburse Dysert Concrete for time-price-differential charges imposed on Dysert Concrete by its supplier depends on the terms of the bilateral contract between Charbonier and Dysert Concrete. Enforcement of a construction lien is a cumulative remedy that Dysert Concrete can pursue along with an action on the bilateral contract from which the lien arose. *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 293; 480 NW2d 343 (1991). In this case, as in most cases involving the CLA, "plaintiff sued for breach of contract, an in personam

---

[1] Dysert Concrete named Stewart Ireland as a defendant in its complaint, but the parties eventually agreed that Ireland "should be dismissed as a defendant in the present action as he did not sign the contract and was neither an owner nor a lessee of the property involved."

action against [defendant] as an individual, alleging that" defendant must be held "responsible for the payment of damages incurred by plaintiff." See *id*. Accordingly, "the proceeding to foreclose on the construction lien originates from the contract," *id*., which defines the rights and obligations of the parties.

We have explained that "[a] time-price differential relates the cost of an item to the method of payment." *Mich Pipe and Valve—Lansing, Inc v Hebeler Enterprises, Inc*, 292 Mich App 479, 488; 808 NW2d 323 (2011). Thus, a "time-price differential charge is the difference between the cash and credit price, the latter being higher." *Grand Blanc Cement Prod, Inc v Ins Co of North America*, 225 Mich App 138, 149 n 3; 571 NW2d 221 (1997). In effect, therefore, "[a] time-price differential compensates for the increased cost to a seller for credit." *Wyandotte Electric Supply Co v Electrical Technology Sys, Inc*, 499 Mich 127, 134 n 1; 881 NW2d 95 (2016). Here, Dysert Concrete apparently entered into a contractual relationship with its supplier, Wilbee Concrete, that obligated Dysert Concrete to pay time-price-differential charges on its purchases. Dysert Concrete seeks to pass on those time-price-differential charges to its customer, Charbonier.

In analyzing Dysert Concrete's request for time-price-differential charges as damages, the trial court discussed our Supreme Court's decision in *Wyandotte Electric*, which involved a claim on a payment bond for time-price-differential charges pursuant to the public works bond act, MCL 129.201 *et seq*. The trial court noted that that statutory scheme did not apply to the claim by Dysert Concrete for contractual damages against Charbonier, that nothing in the contract between Dysert Concrete and Charbonier mentioned time-price-differential charges, and that Wilbee Concrete "did not file as a lien claimant" under the CLA. Additionally, the trial court reasoned that this Court's opinion in "*Michigan Pipe* supports that [time-price differential] should be in the contract for it to be enforced." See *Mich Pipe*, 292 Mich App at 487-488. We agree.

In *Wyandotte Electric*, a general contractor tried to fend off a claim from a sub-subcontrator for time-price-differential charges mentioned in the bilateral contract between a subcontractor and the sub-subcontractor by arguing that it was "not in contractual privity with [the sub-subcontractor] and never agreed to pay these fees." *Wyandotte Electric*, 499 Mich at 145. But our Supreme Court ruled that "[c]ontractual privity is plainly not a requirement for recovery under MCL 129.207" in the public works bond act. *Id*. Because that act does not apply in this case, it affords no succor to Dysert Concrete. Instead, this case turns on contract principles, which foreclose Dysert Concrete from recovering benefits never mentioned in its bilateral contract with Charbonier. Our Supreme Court drew that distinction in *Wyandotte Electric* by explaining that because the public works bond act "does not require a sub-subcontractor to be in privity of contract with the principal contractor in order to obtain relief, we hold that the [act] allows a sub-subcontractor to rely on the terms of the agreement or agreements that govern its relationship with a subcontractor." *Id*. at 150. Based on the distinction between available remedies under the public works bond act and general contract principles, the trial court properly rejected Dysert Concrete's demand for time-price-differential charges paid to its supplier, Wilbee Concrete, as contract damages from Charbonier.

Dysert Concrete nonetheless asserts that the CLA, MCL 570.1118(2), entitles it to recover from Charbonier time-price-differential charges that it owes to its supplier, Wilbee Concrete. That statute directs the trial court "[i]n an action to enforce a construction lien through foreclosure [to] examine each claim and defense . . . and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance and their respective priorities." The language

of that statute does not define the extent of a lienholder's allowable damages, nor does it obligate the trial court to award any lienholder more than it can recover under its contract with the property owner. Indeed, in MCL 570.1107(1), the CLA states that "[a] construction lien acquired pursuant to this act shall not exceed the amount of the lien claimant's contract less payments made on the contract."[2] Given the parties' stipulation that "Charbonier paid Dysert Concrete $174,625, leaving a balance owing of $67,900" on the contract, Dysert Concrete cannot rely on the CLA to augment that amount by adding time-price-differential charges that its supplier, Wilbee Concrete, imposed. In sum, we find no basis in fact or law to support Dysert Concrete's demand for such damages.

## B. ATTORNEY FEES

As the parties agreed, an award of attorney fees under the CLA is a matter left to the sound discretion of the trial court. According to MCL 570.1118(2), the trial court "may allow reasonable attorneys' fees to a lien claimant who is the prevailing party." As our Supreme Court has explained in discussing MCL 570.1118(2), "[t]he use of the term 'may' indicates discretionary, rather than mandatory, action." *Ronnisch Constr Group*, 499 Mich at 567-568 n 73. Therefore, "a party who demonstrates that it is a prevailing lien claimant in an action to enforce a construction lien through foreclosure may seek and be awarded attorney fees under MCL 570.1118(2) but [it] is not entitled to them." *Id*. at 568 n 73. Instead, "the decision to award reasonable attorney fees remains within the sound discretion of the trial court." *Id*.

The trial court succinctly denied Dysert Concrete's request for attorney fees under the CLA by commenting "that [d]efendant has acted in good faith and the parties have reached a resolution on all other matters" and "[m]eritorious claims were advanced by both sides[,]" so "the assessment of attorney fees would not serve the purpose of justice." Those observations convince us that the the trial court did not abuse its discretion in refusing to grant attorney fees to Dysert Concrete. The defense was undertaken in good faith, the case was largely resolved on mutually satisfactory terms, and the remaining issues contested at the bench trial were decided in Charbonier's favor.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel

---

[2] Dysert Concrete's reference to MCL 570.1107(7) to support its claim for damages of time-price-differential charges is puzzling, at best. By its terms, that statute only applies to improvements to "a residential structure[,]" unlike the project in this case. In addition, that statute places a limit on the "amount for interest, including, but not limited to, a time-price differential or a finance charge," which is essentially the opposite of an authorization to recover time-price-differential charges.