*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK HERMAN, doing business as MDH
CONSTRUCTION,

        Plaintiff-Appellant,

v

GREGORY T. ASQUITH,

        Defendant-Appellee,

and

ALLEGHENY CASUALTY CO.,

        Defendant.

UNPUBLISHED
August 17, 2023

No. 362570
Muskegon Circuit Court
LC No. 2020-004633-CK

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

In this action involving claims for foreclosure of a construction lien and breach of contract, plaintiff Mark Herman, doing business as MDH Construction, appeals as of right the trial court's order dismissing the case for lack of jurisdiction. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for further proceedings.

## I. FACTUAL BACKGROUND

This case stems from a dispute over payment for stone retaining walls that Herman built for defendant Gregory Asquith on Asquith's property. Herman is a builder, contractor, and "hardscaper." He explained that his hardscaping work involved setting brick, block, and stone into landscaping and that he worked on lakefront properties, terraces, patios, fire pits, and retaining walls. In October 2019, Herman provided Asquith with a quote to build stone retaining walls on Asquith's property for $12,000, with $6,000 to be paid at the outset and the remainder to be paid upon completion of the project. Herman testified that Asquith called him to accept the quote and to discuss scheduling.

On November 1, 2019, Herman arrived on Asquith's property to begin work on the project and, according to Herman, Asquith presented him with a written agreement to sign. The parties stipulated that this agreement was drafted by Asquith and was executed by both Herman and Asquith. According to Herman, the plan for the project evolved during the course of construction through verbal discussions between Herman and Asquith. There were no written change orders. Asquith testified that the changes to the plan were actually the result of mistakes Herman made during construction. Asquith further testified that he did not agree to all of the changes that Herman made.

Herman testified that he finished the project on approximately December 1, 2019, and that Asquith did not pay him the remaining $6,000 balance. Herman believed that he completed the work for which Asquith contracted. Asquith testified, however, that he contacted Herman and told him that there were still issues to fix and portions of the project to complete. On January 23, 2020, Herman filed a claim of construction lien on the subject real property for $6,000 with the Muskegon County Register of Deeds.

## II. PROCEDURAL HISTORY

Herman subsequently initiated this action in the circuit court for foreclosure of the construction lean and breach of contract. In the complaint, Herman alleged that Asquith owed him $6,000, plus interest, for the work he performed on Asquith's property and that he had complied with all of the requirements of the Construction Lien Act (CLA), MCL 570.1101 *et seq*. Herman sought an order from the trial court determining that Herman had a valid lien on the property, superior to other claims, and further ordering the property to be sold to satisfy Herman's claim. In his breach-of-contract claim, Herman alleged that he had performed all of his obligations under the contract and that Asquith had refused to pay the outstanding $6,000 that was due pursuant to the contract. With respect to this count, Herman sought a judgment for $6,000 plus interest, costs, and attorney fees.

Asquith filed a counterclaim alleging that Herman breached the contract by failing to construct the walls in conformance with the plan, abandoning the project before installing all of the stone and completing all backfilling and soil compacting, and "constructing the base of the wall at the wrong elevation so as to contour with the adjacent property owners." Asquith sought judgment "in an amount exceeding $25,000.00, together with costs, interest, attorney fees as provided by statute, and such other relief as may be agreeable to equity and good conscience."

The matter was initially assigned to Judge Timothy Hicks, who was nearing the end of his tenure on the bench as trial approached. Eventually, a bench trial was held before visiting Judge Charles Johnson. Following the trial, Judge Johnson issued a written opinion finding by preponderance of the credible evidence that Herman properly performed under the contract and was entitled to the remaining $6,000 of the contract price from Asquith. Judge Johnson entered a judgment of no cause of action on Asquith's counterclaim, finding that Herman did not breach the contract. As particularly relevant to the issues on appeal, Judge Johnson stated in his opinion:

> At the beginning of the trial, the Court and counsel discussed and agreed upon the need for briefing on the issue of whether Plaintiff is entitled to a construction lien remedy, in the event of a ruling in his favor on liability. As the

Court so rules herein, Plaintiff's counsel shall file his brief within 14 days from the date of this Opinion. Defendant's response brief is due 14 days thereafter.

The parties submitted their respective briefs, and the case was reassigned to Judge Kenneth Hoopes, who succeeded Judge Hicks. Judge Hoopes subsequently issued a written opinion and order dismissing the case for lack of "jurisdiction." Judge Hoopes framed the issue as follows:

In its order of March 10, 2022, the court found that Herman is entitled to the balance, which is $6000. That amount is below the monetary threshold for this court's jurisdiction. See MCL 600.8301(1). Thus, this court only has jurisdiction over this matter if Herman has an enforceable lien. See MCL 600.601(1). Therefore, the court asked the parties for briefs on the question of whether the lien is enforceable lien [sic].

Judge Hoopes found that the parties' contract failed to comply with the requirements in MCL 570.1114 that all amendments must be in writing and regarding the inclusion of language stating the trades for which a license was required. Consequently, Judge Hoopes concluded: "the court finds that Herman does not have a valid construction lien and dismisses this case for lack of jurisdiction." The trial court denied reconsideration. This appeal followed.

## III. STANDARD OF REVIEW

This Court reviews de novo, as questions of law, whether a court has subject-matter jurisdiction and whether the trial court properly applied this state's statutes and court rules. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 725; 909 NW2d 890 (2017); *New Products Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638, 644; 866 NW2d 850 (2014). "A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Meisner Law Group*, 321 Mich App at 714.

## IV. ANALYSIS

Here, the trial court concluded that it lacked "jurisdiction" over the entire action based on its determination that Herman's construction lien was unenforceable and the amount that Asquith owed Herman under the contract was below the circuit court's jurisdictional minimum.

MCL 600.601(1) provides that the

circuit court has the power and jurisdiction that is any of the following:

(a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

(b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

(c) Prescribed by the rules of the supreme court.

Furthermore, "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. However, the "district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301(1). "The district court shall not have jurisdiction in actions for injunctions, divorce or actions which are historically equitable in nature, except as otherwise provided by law[,]" although the district court does possess "jurisdiction and power to make any order proper to fully effectuate the district court's jurisdiction and judgments." MCL 600.8315.

MCL 570.1118 provides as follows:

(1) *An action to enforce a construction lien through foreclosure shall be brought in the circuit court for the county where the real property described in the claim of lien is located.* If the real property is located in more than 1 county or judicial circuit, the action may be brought in any of the counties where the real property is located. *An action to enforce a construction lien through foreclosure is equitable in nature.* A construction lien also may be enforced by a cross-claim or counterclaim timely filed in a pending action involving title to, or foreclosure of mortgages or encumbrances on, real property.

(2) *In an action to enforce a construction lien through foreclosure, the court shall examine each claim and defense that is presented and determine the amount, if any, due to each lien claimant* or to any mortgagee or holder of an encumbrance and their respective priorities. The court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party. The court also may allow reasonable attorneys' fees to a prevailing defendant if the court determines the lien claimant's action to enforce a construction lien under this section was vexatious. [Emphasis added.]

As this Court has explained:

An action to enforce a construction lien through foreclosure is an in rem proceeding against property that has been improved through the lienholder's services. Such an action is equitable in nature. Although the proceeding to foreclose on the construction lien originates from the contract, it is an action directed at the property rather than the person or entity who contracted for the services and is separate and distinct from an action for breach of contract. The enforcement of the lien through foreclosure is a cumulative remedy that may be pursued simultaneously with an action on the contract from which the lien arose. [*Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 292-293; 480 NW2d 343 (1991) (citations omitted).]

"In connection with an action for foreclosure of a construction lien, the lien claimant also may maintain an action on any contract from which the lien arose." MCL 570.1117(5). Our Supreme Court has explained:

Under Michigan law, a lien foreclosure claim and a claim for breach of the underlying contract are integrally related. A contract is a necessary prerequisite to a construction lien. A construction lien stems from the underlying contract, and its amount is determined by the contract's terms. These principles are reflected throughout the CLA. In essence, "[t]he lien is but a means for enforcing the payment of the debt arising from the performance of the contract . . . ." A party may proceed to enforce its lien through foreclosure while simultaneously seeking recovery based on the contract from which the lien arose. But there can only be one satisfaction. Thus, a lien foreclosure claim and a claim for breach of the underlying contract are integrally related, and allowing a party to pursue both "merely gives it a better chance of recovering what it is owed." [*Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 561-562; 886 NW2d 113 (2016) (citations omitted; alteration and ellipsis in original).]

Accordingly, in this context, a breach-of-contract claim and a foreclosure-of-construction-lien claim present "alternative remedies, one at law and one in equity, which supplement each other." *Dane Constr*, 192 Mich App at 293. In modern practice, there is "one form of action" and the "separate character of actions at law and actions in equity" have been abolished. *New Products*, 308 Mich App at 644-645. Although the lien claimant "is permitted only one satisfaction for the debt owed to it, it should be permitted to utilize all available remedies in order to collect on that debt." *Dane Constr*, 192 Mich App at 293-294 (citation omitted).

Here, Herman brought this action for foreclosure of a construction lien and breach of contract. "An action to enforce a construction lien through foreclosure *shall* be brought in the circuit court . . . ." MCL 570.1118(1) (emphasis added). Use of the word "shall" in a statute typically "indicates a mandatory and imperative directive." *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 114; 845 NW2d 81 (2014). Herman alleged his construction lien was predicated on the retaining wall work that he was contracted to perform on Asquith's property. As previously noted, a "contract is a necessary prerequisite to a construction lien" and "a lien foreclosure claim and a claim for breach of the underlying contract are integrally related." *Ronnisch Constr*, 499 Mich at 561. Our Supreme Court has interpreted the phrase "action to enforce a construction lien through foreclosure," for purposes of MCL 570.1118,[1] to mean "a civil judicial proceeding in which foreclosure of a construction lien is sought" and that "is comprised of all the claims asserted in the action, including any related claim for breach of contract." *Ronnisch Constr*, 499 Mich at 559-560.[2]

---

[1] The Court in *Ronnisch Constr* addressed that phrase specifically for purposes of MCL 570.1118(2). However, there is nothing in the statutory language of MCL 570.1118 to suggest that the meaning of this identical phrase is different for purpose of Subsection (1).

[2] See also MCR 2.203(A) ("In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and

Thus, Herman was required to bring this action in the circuit court, and the circuit court expressly possessed subject-matter jurisdiction over the entire action, including both Herman's construction-lien-foreclosure claim and his breach-of-contract claim. MCL 570.1118(1); MCL 570.1117(5); *Ronnisch Constr*, 499 Mich at 559-560; *Dane Constr*, 192 Mich App at 292-294; see also *Ronnisch Constr*, 499 Mich at 558-560 (explaining that the "action" is the "entirety of the judicial proceeding[] in which the lien foreclosure claim was asserted" and "encompasses the claims asserted") (quotation marks and citation omitted).[3]

Furthermore, it is evident that the trial court's conclusion that it lacked subject-matter jurisdiction was fundamentally predicated on its determination that Herman's alleged construction lien was unenforceable for failure to comply with the statutory requirements. The court began its analysis by stating that the amount due under the contract was "below the monetary threshold for this court's jurisdiction" and that "this court only has jurisdiction over this matter if Herman has an enforceable lien." The trial court concluded by dismissing "this case for lack of jurisdiction" because it found that Herman did not have a "valid construction lien."

However, the trial court's analysis improperly conflated the merits of Herman's lien claim with the concept of subject-matter jurisdiction. This Court has previously explained:

> Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending. The question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature: it is determinable on the commencement, not at the conclusion, of the inquiry. Jurisdiction always depends on the allegations and never upon the facts. When a party appears before a judicial tribunal and alleges that it has been denied a certain right, and the law has given the tribunal the power to enforce that right, if the adversary has been notified, the tribunal must proceed to determine the truth or falsity of the allegations. The truth of the allegations does not constitute jurisdiction. [*Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992) (citations omitted).]

Here, the trial court's determination that Herman did not have a valid and enforceable construction lien did not deprive the court of subject-matter jurisdiction to adjudicate that issue, nor did it deprive the court of subject-matter jurisdiction over Herman's breach-of-contract claim that had already been adjudicated via bench trial. *Id.* As explained above, the circuit court properly had subject-matter jurisdiction over the entire action to adjudicate the merits of Herman's claims. The trial court therefore erred as a matter of law in concluding that it lacked subject-matter jurisdiction over the action and dismissing the entire action on that basis. *Meisner Law Group*,

---

does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.").

[3] Notably, in dismissing the entire action for lack of subject-matter jurisdiction, the trial court failed to acknowledge or discuss the applicability of MCL 570.1118.

321 Mich App at 725; *New Products*, 308 Mich App at 644.  We reverse the trial court's ruling that it lacked subject-matter jurisdiction to adjudicate Herman's claims.

Herman also challenges the trial court's determination that he did not have an enforceable construction lien because he failed to substantially comply with MCL 570.1114.

Following the bench trial, the trial court found that Asquith was liable to Herman for the remaining $6,000 under the parties' contract.  The trial court then ordered the parties to provide supplemental briefing whether Herman was entitled to foreclose on a construction lien as a remedy.  When the trial court and the parties agreed at the beginning of trial to reserve briefing this particular legal issue until after the trial, the trial court recognized that Herman could potentially be found to be entitled to damages for breach of contract even if he was not also entitled to seek recovery of the amount owed by foreclosing on a construction lien.  See MCL 570.1117(5); *Ronnisch Constr*, 499 Mich at 559-562; *Dane Constr*, 192 Mich App at 292-294.

After supplemental briefing, the trial court ruled that Herman did not have a valid construction lien because he failed to substantially comply with MCL 570.1114, which provides as follows:

> A contractor does not have a right to a construction lien on the interest of an owner or lessee in a residential structure unless the contractor has provided an improvement to the residential structure under a written contract between the owner or lessee and the contractor and any amendments or additions to the contract are also in writing.  The contract required under this section shall contain a statement, in type no smaller than that of the body of the contract, stating all of the following:

> (a) That a residential builder or a residential maintenance and alteration contractor is required to be licensed under article 24 of the occupational code, 1980 PA 299, MCL 339.2401 to 339.2412.  That an electrician is required to be licensed under article 7 of the skilled trades regulation act, MCL 339.5701 to 339.5739.  That a plumbing contractor is required to be licensed under article 11 of the skilled trades regulation act, MCL 339.6101 to 339.6133.  That a mechanical contractor is required to be licensed under article 8 of the skilled trades regulation act, MCL 339.5801 to 339.5819.

> (b) If the contractor is required to be licensed to provide the contracted improvement, that the contractor is licensed and the contractor's license number.

The CLA "is declared to be a remedial statute, and shall be liberally construed to secure the beneficial results, intents, and purposes of this act.  Substantial compliance with the provisions of this act shall be sufficient for the validity of the construction liens provided for in this act, and to give jurisdiction to the court to enforce them."  MCL 570.1302(1).  "The act is designed to protect the rights of lien claimants to payment for expenses and to protect the rights of property owners from paying twice for these expenses." *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 373-374; 652 NW2d 474 (2002).

Here, the trial court concluded that Herman did not substantially comply with the requirements in MCL 570.1114 because there were amendments that were not in writing and the

contract did not include the necessary language regarding licensing. The trial court already found following the bench trial that the parties' agreement included at least some oral agreements and modifications to the contracted project. Hermon does not dispute this finding; he concedes on appeal, consistent with his trial testimony, that he and Asquith amended their contract and made changes to the project by verbal agreement. "A contractor does not have a right to a construction lien on the interest of an owner or lessee in a residential structure unless the contractor has provided an improvement to the residential structure under a written contract between the owner or lessee and the contractor *and any amendments or additions to the contract are also in writing*." MCL 570.1114 (emphasis added). This Court has held "that the term 'written contract' in MCL 570.1114 must be strictly construed." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 514; 667 NW2d 379 (2003).

Because there were amendments to the contract that were not in writing, the trial court did not err by concluding that Herman was not entitled to maintain a construction lien. MCL 570.1114; *Alan Custom Homes*, 256 Mich App at 514-515 (concluding that the requirement in MCL 570.1114 of a writing for additions and amendments was fulfilled where the plaintiff builder "submitted written change orders and statements to defendants documenting the orally agreed to contract amendments" and the defendants "did not object to these changes and accepted their benefits").[4] We therefore affirm this ruling. However, the fact that Herman cannot enforce a construction lien does not preclude his entitlement to a judgement in his favor for his contract damages, pursuant to the trial court's opinion following the bench trial. See MCL 570.1117(5); *Ronnisch Constr*, 499 Mich at 559-562; *Dane Constr*, 192 Mich App at 292-294.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having prevailed in full, no costs are awarded. MCR 7.219.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel

---

[4] Based on this conclusion, Herman has not demonstrated error even assuming he is correct that the fact that he allegedly did not have to be licensed to perform the retaining wall work means that he could have substantially complied with MCL 570.1114 regarding the language about licensing despite that the contract did not contain such language.